[No. 20076-7-II.   Division Two.   December 19, 1997.]

*In the Matter of the Marriage of* ALBERT D. GAINEY,
*Appellant*, v. DONA L. GAINEY, *Respondent*.

to obtain the full benefit of his insurance contract . . . ." *Olympic*, 117 Wn.2d at
53. Such is not the case here.

*Mark L. Gelman* and *Herbert Gelman* of *Gelman & Associates*, for appellant.

*John J. Durkin* of *Troup, Christnacht, Ladenburg, Mc-Kasy & Durkin, Inc., P.S.*, for respondent.

MORGAN, J. — In 1991, the marriage of Albert and Dona Gainey was dissolved. The decree ordered Albert to pay $823.68 per month in child support. At that time, and at all other times material to this appeal, Albert owned and operated a business known as Alco Construction.

In April 1995, Dona moved to increase child support. Claiming that her income had gone down while Albert's had gone up, she asked the court to increase his support obligation to $1,053 per month. She filed her federal income tax returns for 1991 through 1994, plus affidavits disclosing her income and deductions for the first seven months of 1995. Albert produced—after being subpoenaed—his federal income tax returns for 1992, 1993 and 1994, Alco's check register covering transactions between December 1994 and June 1995, and a delinquency notice showing that Alco had failed to file excise tax returns for the second quarter of 1995.

The parties also provided information about an inheritance Dona had received from her father in 1994. The record is not clear, but it seems to show the corpus of the inheritance was between $59,700 and $95,000.[1] The record shows nothing about whether the inheritance generated interest or, if so, the amount thereof.

On August 30, 1995, a court commissioner heard the case on affidavits. One issue was Albert's current net monthly income for child support purposes. Dona argued that according to Alco's check register, Albert had used the business account to pay personal expenses averaging $4,275 per month in 1995; that, according to Albert's individual federal income tax return, he had earned an average of $3,435 per month in 1994; and that the commissioner should take the average of the two figures, $3,855, as Al-

---

[1]*See* Clerk's Papers at 33; Clerk's Papers at 171; Clerk's Papers at 56 (Nov. 21, 1994, deposit of $59,700).

bert's current net monthly income. Albert claimed that the commissioner could not calculate his net monthly income because neither he nor Dona had produced his business expenses and unpaid taxes.[2]

Another issue was Dona's current net monthly income for child support purposes. She claimed that the inheritance from her father should not be included in her income, while Albert claimed to the contrary.

Agreeing with Dona, the commissioner set Albert's current net income by averaging his tax returns and his 1995 expenditures. She set Dona's income without including the inheritance. Using the standard child support table, she ordered that Albert's support obligation be increased to $1,014 per month through March 1996, and to $1,089.50 per month thereafter.[3] She did not order either party to pay the other's attorney fees.

A written order was presented and signed on September 12, 1995. At the presentment hearing, Albert tried to offer, for the first time, partial information on his unpaid taxes. The commissioner ruled that this new information was tardy, and that she would not consider it.

On September 21, Albert moved for revision by a superior court judge. By this time, according to his brief, he had filed additional tax returns "not previously available," including his Industrial Insurance tax return, his "partial" employer's quarterly federal taxes, his combined monthly excise taxes, his estimated self-employment taxes and "a

---

[2]The court commissioner summarized Albert's position as follows:

[Albert's attorney] spent a great deal of time talking about [Albert's] income and what it isn't, but [he did not say] what it is, and [he did not] indicat[e] to the Court or Respondent as far as all the expenditures that are coming out of his monthly income. [The attorney] talked a great deal about, "Well, he's got some other expenses and taxes," and things like that that he hasn't paid. I don't know that. I don't know whether he's not paid all of his taxes and why he hasn't and if he has other income available to him. But he certainly is meeting his own needs, and he is certainly meeting his own expenses from his check register.

Report of Proceedings at 23 (Aug. 30, 1995).

[3]One of the parties' children turned 12 in March 1996.

summary of his Normal Business Expenses (Costs of Goods Sold)."[4] He "requested revision of the Commissioner's ruling because of the failure to properly include taxes and other deductions from his gross income as a self-employed contractor," and because "the improper use of [his] 1995 monthly 'expenditures' " had resulted in a child support determination that "did not reflect taxes owed."[5]

On October 6, a superior court judge denied the motion for revision. He ruled that the commissioner had not been obligated to consider Albert's business expenses and unpaid taxes where Albert had failed to produce the needed information at the August 30 hearing; that he, the superior court judge, would not now consider evidence that had never been presented to the commissioner; and that the commissioner had properly refused to include Dona's inheritance in Dona's gross income. Like the commissioner, he did not order that either party pay the other's attorney fees.

Albert now appeals, claiming that "the trial court erred by not allowing the proper deductions from gross income as required by statute, by improperly using monthly 'expenditures' in place of net income, and by not including Dona's inheritance in calculating child support."[6] He also claims the trial court erred by not awarding him reasonable attorney fees.

In reviewing these claims, we defer to the discretion of the trial court, unless that discretion was exercised in an untenable or manifestly unreasonable way.[7] Moreover, we review only the evidence properly introduced before the commissioner at or before the hearing on August 30. A superior court judge is permitted to take new evidence when considering a motion to revise the ruling of a

---

[4]Br. of Appellant at 9.

[5]Br. of Appellant at 9.

[6]Br. of Appellant at 13.

[7]*In re Marriage of Griffin*, 114 Wn.2d 772, 779, 791 P.2d 519 (1990); *In re Marriage of Bucklin*, 70 Wn. App. 837, 841, 855 P.2d 1197 (1993).

court commissioner,[8] but he or she is not required to do so.[9] As a result, the judge here did not err by limiting Albert's evidence to that which Albert had properly introduced before the commissioner.

We turn first to Albert's claim that "the trial court erred by not allowing the proper deductions from gross income as required by statute."[10] When setting child support, a Washington trial court begins with the current monthly income of each parent.[11] Gross income includes income from most but not all sources.[12] Net income is gross income less deductions that include "[n]ormal business expenses and self-employment taxes for self-employed persons."[13] Each party must verify current income and deductions by providing tax returns and current paystubs or, if current income and deductions are not shown on tax returns or current paystubs, by providing "[o]ther sufficient verification."[14]

■■ In general, one asserting a fact has the burden of proving it.[15] Thus, one asserting that his or her income has decreased must produce properly verified evidence suf-

---

[8]RCW 2.24.050; *State v. Espinoza*, 112 Wn.2d 819, 824-25, 774 P.2d 1177 (1989); *In re Welfare of McGee*, 36 Wn. App. 660, 662, 679 P.2d 933, *review denied*, 101 Wn.2d 1018 (1984).

[9]RCW 2.24.050; *Espinoza*, 112 Wn.2d at 824-25; *In re Dependency of B.S.S.*, 56 Wn. App. 169, 171, 782 P.2d 1100 (1989), *review denied*, 114 Wn.2d 1018 (1990).

[10]Br. of Appellant at 13.

[11]RCW 26.19.020; *In re Marriage of Crosetto*, 82 Wn. App. 545, 560, 918 P.2d 954 (1996); *In re Marriage of Maples*, 78 Wn. App. 696, 700, 899 P.2d 1 (1995).

[12]RCW 26.19.071(3), (4).

[13]RCW 26.19.071(5)(h).

[14]RCW 26.19.071(2); *Bucklin*, 70 Wn. App. at 841.

[15]*See Baldwin v. Sisters of Providence*, 112 Wn.2d 127, 134, 769 P.2d 298 (1989) (one who asserts wrongful termination has the burden of proving it); *In re Marriage of Ferree*, 71 Wn. App. 35, 41, 856 P.2d 706 (1993) ("one who would recover on a contract must prove its existence and terms"); *Baughn v. Malone*, 33 Wn. App. 592, 596, 656 P.2d 1118 (1983) (one who asserts excuse for violating a statute must prove it); *Whalen v. Lanier*, 29 Wn.2d 299, 310, 186 P.2d 919 (1947) (one who asserts gift must prove it).

ficient to support the desired finding.[16] Similarly, one claiming that he or she has incurred business expenses and unpaid taxes must produce evidence sufficient to support the desired finding. Albert failed to present such evidence here, so the trial court was not required to grant his claimed deductions.

■ We turn next to Albert's claim that "the trial court erred . . . by improperly using monthly 'expenditures' in place of net income."[17] Even assuming he would have been entitled to his claimed deductions if he had presented properly verified evidence sufficient to support them,[18] he surely was not entitled to halt the proceedings by not presenting such evidence; and if he was not permitted to halt the proceedings, we must hold that the trial court was entitled to estimate his income using a reasonable method not dependent on the information Albert was failing to produce. In our view, the trial court used such a method, and it did not abuse its discretion in doing so.[19]

We turn next to Albert's claim that "the trial court erred . . . by not including Dona's inheritance in calculating child support." Equating gifts and inheritances for purposes of Alaska's child support rule, which is similar in structure to our RCW 26.19, the Alaska Supreme Court has said:

> Review of authorities addressing the question of whether gifts to the obligor parent should be considered income for

---

[16]*Bucklin*, 70 Wn. App. at 841.

[17]Br. of Appellant at 13.

[18]*Cf. Bucklin*, 70 Wn. App. at 841.

[19]Albert may in fact be arguing that he was entitled to halt the proceedings by not producing evidence of his business expenses and unpaid taxes. He states at various points in his brief that "[t]he Commissioner did not have access to all of Albert's tax returns . . . and/or his normal business expenses," Br. of Appellant at 22-23, that this left the Commissioner "without any clear idea of Albert's net income," and that "there was no way to determine if his circumstances had substantially changed." Br. of Appellant at 24-25. If Albert is making such an argument, we reject it, along with its corollary—that the commissioner was somehow barred from using a method of calculation not dependent on Albert's records, where Albert himself had failed to produce his records.

purposes of determining the level of the obligor's support obligation leads us to the determination that the principal amount of gifts and inheritances should not be considered as income for purposes of [Alaska's child support rule]. We are persuaded that any other approach blurs the easily administered and well-established historical distinction between gifts and earned income. In short, we conclude that the authorities which refuse to recognize the inclusion of gifts in determining the level of the obligor's adjusted gross income for purposes of calculating a child support obligation represent the correct rule of law.[20]

Distinguishing principal from current income, however, the Colorado Court of Appeals has said:

The issue raised is whether the income that an inheritance reasonably could be expected to generate is a financial resource constituting gross income for the purpose of calculating child support. We conclude that such income is to be considered in determining child support . . . .[21]

■ The scheme reflected in these cases is embodied in Washington's child support statute, RCW 26.19. Under RCW 26.19.071, "gross monthly income" does not include gifts.[22] It does, however, include "[i]nterest."[23] Because an inheritance is essentially a testamentary gift,[24] we hold that the corpus of an inheritance is not included in a parent's gross income, but that the interest generated by

---

[20]*Nass v. Seaton*, 904 P.2d 412, 416 (Alaska 1995); *see also Bryant v. Bryant*, 235 A.D.2d 116, 663 N.Y.S.2d 401, 404 (1997).

[21]*In re Marriage of Armstrong*, 831 P.2d 501, 502 (Colo. Ct. App. 1992).

[22]RCW 26.19.071(4)(c).

[23]RCW 26.19.071(3)(i).

[24]*See* BLACK'S LAW DICTIONARY 688 (6th ed. 1990) ("testamentary gift" is "[v]oluntary transfer of property to take effect upon the death of the donor"; "gift" is "voluntary transfer of property to another made gratuitously and without consideration"). We cannot tell from the record whether Dona's inheritance was by will or intestacy, but we do not think the distinction is significant for child support purposes.

an inheritance is.[25] Thus, the trial court was not obligated to include the corpus of Dona's inheritance in her gross income. It was obligated to include interest currently being generated by the inheritance, if any—but neither side proved that there was any interest, much less its amount. We conclude that the trial court did not err in ruling as it did.[26]

We turn lastly to Albert's claim that "the trial court in this case refused to award [him] attorney's fees," and that "[s]uch failure to award fees was an abuse of discretion."[27] As far as we can tell from the record, he never presented a request for such fees.[28] Hence, this claim fails.

Neither side shall receive reasonable attorney fees on appeal, but Dona shall receive her statutory attorney fee and taxable costs.

Affirmed.

HOUGHTON, C.J., and BRIDGEWATER, J., concur.

[25]This reading is also supported by RCW 26.19.071(3)(j). It expressly provides that "[t]rust income" is included in a parent's income and, by negative implication, that trust corpus is not.

[26]We do not consider whether the corpus of an inheritance can be considered as one factor when deciding whether to deviate from the standard child support schedule. That question is not presented by this case.

[27]Br. of Appellant at 32.

[28]Albert fails to provide a citation showing where in the record he requested fees, and we have not found one ourselves.