Eva Gail HALTER *v.* Dennis P. HALTER

CA 97-120                                    959 S.W.2d 761

Court of Appeals of Arkansas
Division IV
Opinion delivered January 28, 1998

*Winonia R. Griffin*, for appellant.

*Dowd, Harrelson, Moore & Giles*, by: *Marshall H. Moore*, for appellee.

JUDITH ROGERS, Judge. In this appeal, appellant contests two adverse rulings with respect to claims concerning child support. She first contends that the chancellor abused his discretion in failing to award a percentage of an inheritance that appellee received from his parents' estates. As her second issue, she argues that the chancellor erred in failing to hold appellee responsible for an arrearage in child support. We find no error and affirm.

Appellant, Eva Gail Halter, and appellee, Dennis P. Halter, were divorced in March of 1988. In the decree, appellee was ordered to pay $60 a week in child support on behalf of their two children. The decree further provided that "[a]t such time as [appellee] obtains employment, child support will be adjusted in accordance with [appellee's] income." After the decree, appellant filed several motions seeking an increase in support but did not pursue them to completion. As a result, appellee's obligation remained at $60 a week. The petition that led to this appeal was filed in October of 1995. In it, she requested an increase in child support and a percentage of a $66,000 inheritance appellee had received in 1994 upon the death of his parents. She also asked that appellee be held in contempt for his failure to increase the payment of child support commensurate with his increased income as provided in the decree. In this regard, she further contended that appellee's support obligation should be increased retroactively and that she was entitled to judgment for the arrearage that had accrued.

A hearing was held on May 28, 1996. Afterwards, the chancellor ordered an immediate increase in child support to $600 a month, but he denied appellant's request for the claimed arrearage. The chancellor took the question of appellee's inheritance under advisement, asking the parties to brief the issue. A final order was entered on October 11, 1996, wherein the court denied appellant's request for a lump-sum percentage of appellee's inheritance. This appeal followed.

■ Appellant's first assignment of error concerns the denial of her claim for a lump-sum payment of twenty-two percent of appellee's inheritance. It is well settled that the amount of child support lies within the discretion of the chancellor, and his findings will not be disturbed on appeal absent an abuse of discretion. *Creson v. Creson*, 53 Ark. App. 41, 917 S.W.2d 553 (1996). Thus the question before us is whether the chancellor's ruling constitutes an abuse of discretion.

■ Appellant's argument is based on the *per curiam* in effect, *In Re: Guidelines for Child Support*, 314 Ark. 644, 863 S.W.2d 291 (1993), wherein it is stated that, when the payor's

income exceeds the amount shown on the extended support chart, the court should use a figure of 22% of the payor's monthly or weekly income, "as defined hereinafter," when there are two dependents. Appellant's argument presupposes that an inheritance is considered as income for purposes of applying the percentage. However, "income" in the family-support chart refers to the definition of income in the federal income tax laws. Under federal tax law, income does not include the value of property acquired by gift, bequest, devise, or inheritance. 26 U.S.C. § 102(a) (1997). Because the percentage relied upon by appellant applies to weekly or monthly income that exceeds the amounts shown on the extended chart, and because an inheritance does not fall within those parameters, we can find no abuse of discretion in the chancellor's refusal to award a lump-sum percentage of the inheritance as child support based on that provision of the *per curiam*.

■    Although we can find no abuse of discretion, we do not mean to imply that the inheritance was entirely irrelevant to the issue of child support. For example, in *Munn v. Munn*, 315 Ark. 494, 868 S.W.2d 478 (1994), the appellant claimed entitlement to a percentage of the appellee's workers' compensation settlement.[1] Instead, the chancellor applied a hypothetical investment yield to project an increase in the appellee's monthly income. He then applied that amount to the support chart in setting appellee's monthly support obligation. The supreme court affirmed, finding no abuse of discretion. By analogy here, any earnings that might have been generated from appellee's inheritance could have been considered by the chancellor in determining the amount of support, since such earnings are considered income under the tax code. 26 U.S.C. § 102(b) (1997). Yet, appellant limited her claim to a flat percentage of the inheritance. It was appellant's duty to present sufficient evidence, argument, and citation of authority to prove her assertion that she was entitled to twenty-two percent of the inheritance. *Munn v. Munn, id.* This she has failed to do.

---

[1] The family-support chart provides that for workers' compensation disability recipients, support is to be calculated based on those benefits. *In Re: Guidelines for Child Support, supra.*

■ Appellant's next argument is that the language of the original decree providing that "[a]t such time as [appellee] obtains employment, child support will be adjusted in accordance with [appellee's] income," placed an affirmative obligation on appellee to increase the payment of child support. She argues that the chancellor erred by not enforcing this provision to retroactively increase appellee's child-support payments as his income increased during the intervening years. We cannot agree. One seeking the reversal of a chancellor's order has the burden of demonstrating error in the chancellor's findings, and we will not reverse such findings unless they are clearly against the preponderance of the evidence. In light of the wording of the decree, we cannot say that the chancellor's interpretation, that it did not place any burden on appellee to voluntarily seek modification, is clearly erroneous.

Affirmed.

BIRD and CRABTREE, JJ., agree.