## W. Scott HOUSTON *v.* Linda L. HOUSTON

CA 98-1492                                         999 S.W.2d 204

Court of Appeals of Arkansas
Division III
Opinion delivered September 22, 1999

*Walker, Campbell & Campbell, PLC,* by: *Gail Inman-Campbell,* for appellant.

*Gresham & Kirkpatrick,* by: *James E. Gresham,* for appellee.

JOSEPHINE LINKER HART, Judge. On November 2, 1983, the Superior Court of the State of Washington for Whatcom County granted the parties a divorce. The decree of

dissolution adopted and recited almost verbatim the property-settlement agreement entered into by the parties prior to their divorce action. As part of that agreement, appellant agreed to "maintain . . . the [appellee] on medical insurance equivalent to that insurance coverage that has been provided during the marriage." On July 23, 1997, the appellant filed in the Boone County Chancery Court a petition to terminate his obligation to provide medical insurance, alleging that the appellee was remarried, employed, and able to obtain medical insurance through her employer. The parties presented the case on stipulated facts and further stipulated that the court would apply Arkansas law. The appellant, however, did not make these stipulations of fact a part of the record on appeal.

In an order filed September 4, 1998, the chancellor denied appellant's petition, concluding that the property-settlement agreement was an independent contract and that the language requiring appellant to maintain medical insurance was unambiguous. The appellant challenges these findings on appeal. We affirm.

When parties execute an independent property-settlement agreement that is incorporated into a decree of divorce, it cannot subsequently be modified by the court. *Gentry v. Gentry*, 327 Ark. 266, 938 S.W.2d 231 (1997). When a contract is unambiguous, its construction is a question of law for the court. *Kennedy v. Kennedy*, 53 Ark. App. 22, 918 S.W. 2d 197 (1996). On appeal, a chancellor's conclusion of law is not given any deference; our review is *de novo*. *Duchac v. City of Hot Springs*, 67 Ark. App. 98, 992 S.W.2d 174 (1999); *see also Arkansas Burial Ass'n v. Dixon Funeral Home, Inc.*, 25 Ark. App. 18, 751 S.W.2d 356 (1988).

The appellant argues that "it is not so much that [he] is claiming the [d]ivorce [d]ecree does not refer to an independent contract but that the language within the contract allows for such modification." Appellant cites two separately-numbered paragraphs of the property-settlement agreement to show that the agreement could be modified. The provisions are as follows:

13. . . . The [appellant] agrees to guarantee that portion of the Social Security payment that relates to the [appellee] personally

for the [appellee's] life. . . . . Finally, it is agreed that this guarantee is not maintenance on the part of the [appellant] and is not subject to increase, modification[,] or change.

17. The [appellant] shall maintain . . . the [appellee] on medical insurance equivalent to that insurance coverage that has been provided during the marriage.

Appellant contends that the express prohibition in paragraph thirteen specifically stating that "this guarantee is not maintenance on the part of the appellant and is not subject to increase, modification[,] or change," implies that the court has the authority to modify paragraph seventeen because that paragraph has no clause prohibiting modification. Appellant also notes that the property-settlement agreement does not set forth a date on which the medical insurance is to terminate.

■ The chancellor, in his findings that the agreement was an independent contract, specifically noted two other provisions of the agreement. The agreement provided that it was understood and agreed by the parties that the agreement was "final and binding, whether · or not a [d]ecree of [d]issolution is granted or obtained by either party." The agreement also provided that the "parties desire to reach an agreement of property and otherwise growing out of the marriage relationship existing between them and to effect a complete settlement of any and all claims that either may have against the other." After our *de novo* review, we cannot say that the chancellor erred in finding that the agreement of the parties was an independent contract and that he did not have the power to modify the decree. Further, we cannot say that the contract provision for medical insurance was ambiguous merely because it did not contain a termination date or differed from the social security clause. The requirement that appellant provide insurance is clear on its face and needs no further words to provide for a clear understanding of its language. Appellant seeks to have the provision of the agreement rewritten to provide for termination upon the happening of an event or date. The chancellor properly declined to rewrite the parties' agreement.

■ In his reply brief, the appellant further contends that the contract was "not proven" because a notarized contract was

never entered into evidence. This argument was not raised below and need not be addressed on appeal. *See, e.g., Jamison v. Estate of Goodlett,* 56 Ark. App. 72, 938 S.W.2d 985 (1997). We note, however, that this case was presented based on stipulated facts, and the chancellor specifically found that the property-settlement agreement was "executed solely by the parties with notarized signatures."

Affirmed.

PITTMAN and STROUD, JJ., agree.