David P. ROWLETT *v.* Laura BUNTON

CA 99-336                                          6 S.W.3d 372

Court of Appeals of Arkansas
Division I
Opinion delivered December 8, 1999

*Stevan E. Vowell,* for appellant.

No response.

JOSEPHINE LINKER HART, Judge. Appellant, David Rowlett, appeals an order awarding appellee, Laura Bunton, a lump-sum percentage of his inheritance as child support. He asserts that inheritance is not income for purposes of setting child support. We agree and reverse and remand.

On November 4, 1994, the Arkansas Department of Human Services (ADHS) obtained a judgment establishing appellant as the father of DRR and requiring appellant to pay to the ADHS, as assignee of appellee's child-support rights, $40 per week in child-support payments.[1] On June 22, 1995, the court entered a judgment in the amount of $7500 against appellant for retroactive child support to be paid to the ADHS at the rate of $25 per week.

On February 24, 1998, appellee filed a motion requesting that she be awarded a lump-sum child-support payment of one-half of an inheritance received by appellant. On May 19, 1998, at a hearing on the motion, appellant admitted to receiving an inheritance of approximately $149,000 on December 17, 1997, and he

---

[1] Although appellant does not raise the issue, we recognize that the ADHS filed the original pleadings in this cause, and appellee, whose child-support rights had been assigned to the ADHS, failed to intervene pursuant to the procedure set out in Ark. R. Civ. P. 24. Appellant, however, does not raise this issue on appeal and, in any event, does not provide an adequate record to address the issue.

contended that his inheritance should not be considered in setting child support. In its order filed October 1, 1998, the court found that appellant's inheritance was income for child-support purposes and modified the child support and required appellant to pay fifteen percent of his inheritance as child support.

■ Appellant's sole argument on appeal is that the court erred by concluding that inheritance is income for the purposes of setting child support. "On appeal, a chancellor's conclusion of law is not given any deference; our review is de novo." Houston v. Houston, 67 Ark. App. 286, 287, 999 S.W.2d 204, 205 (1999).

■ In Halter v. Halter, 60 Ark. App. 189, 959 S.W.2d 761 (1998), this court upheld the chancellor's refusal to award a lump-sum percentage of inheritance as child support because inheritance was not income. In Halter, "income" referred to income as defined in the federal income-tax laws. See In re: Guidelines for Child Support, 314 Ark. 644, 863 S.W.2d 291 (1993). This court held that inheritance could not be considered income for child-support purposes because the definition of "income" under the federal tax laws excluded property acquired by gift, bequest, devise, or inheritance. Halter, supra. Any earnings generated from inherited property could, however, be considered as income for child-support purposes. Id.

■ On October 1, 1997, the definition of "income" for child-support purposes was amended to provide in part as follows:

> Income means any form of payment, periodic or otherwise, due to an individual, regardless of source, including wages, salaries, commissions, bonuses, workers' compensation, disability, payments pursuant to a pension or retirement program, and interest less proper deductions....

Ark. Sup. Ct. Admin. Order No. 10 (1999). This revised definition of "income," which applies to this case, does not preclude our reliance on Halter, at least by analogy. The revised definition includes only employment earnings or payments based on employment benefits. Further, the revised definition specifically provides that income must be a payment due to an individual. Inheritance is not a payment that is due an individual from employment or employment benefits, but is akin to a gift from the deceased. Had our supreme court intended that inheritances and gifts be consid-

ered as income when assessing child-support obligations, the court would have so provided in the revised definition of income. The absence of gifts and inheritances in the definition is especially noteworthy since gifts and inheritances were excluded under the prior definition of income by the court. However, any interest or other income gained from appellant's inheritance should be considered when calculating his child-support obligation.

Reversed and remanded.

ROAF, J., and HAYS, S.J., agree.