**Jeffrey GARDNER, Appellant– Petitioner,**

v.

**Tiffany YRTTIMA, Appellee– Respondent.**

No. 41A01–0008–JV–282.

Court of Appeals of Indiana.

Feb. 8, 2001.

Karen M. Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

James R. Admire, Jones Hoffman & Admire, Franklin, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

. Jeffrey Gardner appeals the trial court's denial of his petition to modify child support and presents an issue of first impression: whether an inheritance should be included in weekly gross income for purposes of determining child support obligations.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 18, 1988, C.G. was born to Gardner and Tiffany Yrttima. In December 1995, the trial court granted custody of the child to Gardner and ordered Yrttima to pay thirty dollars per week in child support. At various times since this order, Yrttima has been delinquent in paying her child support obligation, has been incarcerated, and has been treated for a substance abuse problem.

In 1999, Yrttima's mother died, leaving her an inheritance of $135,000. Yrttima received a $60,000 partial distribution in 1999 with the balance of $75,000 to be paid later. Yrttima reported earned income of $5,000 from her employment as a food server on her 1999 federal income tax return. However, due to a work-related injury, Yrttima largely supported herself from the partial distribution she received from her mother's estate. In addition, she purchased a house, a 1995 vehicle, an $11,000 certificate of deposit, and a vacation cruise with her daughter. For his part, Gardner reported income of $61,000 in 1999.

Based upon Yrttima's history of noncompliance with the child support order, on September 21, 1999, the trial court granted Gardner's motion to attach $10,000 of Yrttima's inheritance as security for future child support payments. On March 2, 2000, the State on behalf of Gardner filed a Petition to Modify Support Order, contending that due to a change in circumstances the thirty-dollar per week child support order was no longer reasonable. After conducting a hearing on the motion, the trial court denied the petition to modify. In its ruling, the trial court specifically stated that it declined "to find that inheritance received by [Yrttima] should be calculated as current income."

*Record* at 11. Gardner now appeals this judgment.

## DISCUSSION AND DECISION

 When considering a request to modify child support, the trial court must determine whether there has been a change in circumstances so substantial and continuing as to make the existing terms unreasonable.[1] IC 31–16–8–1; *see also* Ind. Child Support Guideline 4 ("The provisions of a child support order may be modified only if there is a substantial and continuing change of circumstances."). The petitioning party bears the burden of proving the necessary change of circumstances to justify modification. *Weiss v. Frick,* 693 N.E.2d 588, 590 (Ind.Ct.App. 1998), *trans. denied.* Upon appellate review of a child support modification order, the judgment of the trial court will not be reversed unless it is clearly erroneous. *Kinsey v. Kinsey,* 640 N.E.2d 42, 44 (Ind. 1994). Under this standard, we will reverse a support order only if the trial court's determination is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.* at 43. We do not weigh the evidence or judge the credibility of the witnesses but, rather, consider only that evidence most favorable to the judgment, together with the reasonable inferences that can be drawn therefrom. *Bower v. Bower,* 697 N.E.2d 110, 113 (Ind.Ct.App.1998).

 Upon appeal, Gardner argues that the trial court erroneously denied his petition to modify Yrttima's child support obligation because Yrttima's inheritance amounted to a substantial change in circumstances requiring modification. Specifically, he contends that for purposes of calculating child support, the Indiana Child Support Guidelines' definition of "weekly gross income" of a parent includes income

---

1. Alternatively, a support order may be modified upon a showing that the amount of child support differs by more than twenty percent from the presumptive guideline amount and the order was issued at least twelve months before the modification petition. IC 31–16–8–1(2). However, we do not consider this standard because Gardner does not raise it on appeal.

from *any source* and therefore an inheritance should be considered in establishing or modifying a child support order. Gardner further alleges that the trial court has wide discretion in imputing income to a parent to ensure that a support obligation is not evaded.

Yrttima responds that the trial court correctly denied the petition to modify the child support order because her inheritance should not have been included as income for purposes of child support. She maintains that the definition of "weekly gross income" in the Indiana Child Support Guidelines does not specifically include inheritance and contends that the inheritance was not in the nature of income being provided to her on a regular, on-going basis. She also claims that the money she received was spent on assets that improved the life of her child. Finally, she argues there was no evidence presented regarding any income being derived from the inheritance.

Because this issue has not been previously addressed in this state, we begin by looking to other states for guidance. Recently, in *Goldhamer v. Cohen*, 31 Va.App. 728, 525 S.E.2d 599, 603 (2000), the Virginia Court of Appeals held that because inheritance is a gift and Virginia's definition of gross income for purposes of child support includes gifts, an inheritance should likewise be considered in calculating child support. Virginia's definition of gross income for purposes of determining child support is virtually identical to Indiana's definition—both specifically mention gifts and prizes, but are silent as to inheritances.

The court began its analysis by acknowledging that gifts are included in the computation of gross income. It then wrote: "A gift is property that is voluntarily transferred to another without compensation. A testamentary gift is a 'gift made by will.' For the purposes of computation of gross income ... we hold that any inheritance is a gift, whether made by will or intestate succession.

We include the transfers of property by intestacy as 'gifts . . . .'

. . . .

In this case, the chancellor ruled that the inheritance was not included in the gross income amount because it 'would not extend into the future.' Any type of gift is irregular income and, therefore, may or may not extend into the future. The statute clearly includes irregular income in the gross income computation because gifts, prizes, or awards are defined as gross income ... We hold that gifts, including inheritances, should be considered in the gross income computation. If the application of the guidelines after including the gift is unjust or inappropriate, the chancellor may make written findings and deviate from the guidelines amount . . . ."

*Id.* (citations omitted).

A further review of case law reveals that other states also consider an inheritance as income available for purposes of calculating child support. *See Connell v. Connell*, 313 N.J.Super. 426, 712 A.2d 1266, 1269 (App.Div.1998) (inherited funds and ability to generate income may be used to calculate child support despite fact that inheritance was placed in a non-income producing asset); *Ford v. Ford*, No. 01A01–9611–CV–536, 1998 WL 730201, *3 (Tenn.Ct.App.1998) (for purposes of child support "gross income" includes income from any source and money received from inheritance can be considered income in establishing child support, but cautioning that focus should be on whether income is continuing and regularly received).

In *County of Kern v. Castle*, 75 Cal. App.4th 1442, 89 Cal.Rptr.2d 874 (1999), the trial court ruling that an inheritance was not income for the purpose of calculating child support was reversed on appeal. The appellate court concluded that interest, rents, dividends or other revenue from an inheritance is income and that if the inheritance was placed in a low-yield investment, used to reduce the non-custodial

parent's debt, or improved the parent's standard of living then income could be imputed when calculating child support. *Id.* at 882–84. The court specifically noted that a review of its statute and authority from sister states:

> "lead to three conclusions (1) one-time gifts or inheritances are not income; (2) interest, rents, dividends, etc., which are actually earned from gifts or inheritances, are income for purposes of child support; and (3) imputation of income based on the inheritance corpus or on interest the sum could have earned if invested, may be considered income in calculating support in the court's discretion."

*Id.* at 882.

Similarly, other states do not consider a lump-sum inheritance as income for purposes of child support, but instead include only income that an inheritance may create or income that may otherwise be imputed based upon the principal amount of the inheritance or on the interest the inheritance otherwise could have earned. *See Nass v. Seaton,* 904 P.2d 412, 416 (Alaska 1995) (principal amount of gifts and inheritances not considered as income); *Crayton v. Crayton,* 944 P.2d 487, 490 (Alaska 1997) (reiterating that including as income a one-time gift or inheritance would "unfairly inflate" a child support obligation beyond the obligor's reliable and continuing future resources); *Halter v. Halter,* 60 Ark.App. 189, 959 S.W.2d 761, 762 (1998) (for purposes of child support, inheritance could not be considered income because under federal income tax laws, property acquired by gift, bequest, devise, or inheritance was excluded from gross income; yet any income generated from inheritance may be considered in child-support calculation); *Gainey v. Gainey,* 89 Wash.App. 269, 948 P.2d 865, 869 (1997) (state child support statute defining "gross monthly income" does not include "gifts," but does include "income" leading court to conclude that only interest generated by an inheritance is income).

Turning to Indiana law, we observe that the "income shares model" adopted by the Indiana Child Support Guidelines reflects the principle that child support awards are designed to provide children as closely as possible with the same standard of living they would have enjoyed had the marriage not ended. Child Supp. G. 1. (stating that Indiana Child Support Guidelines "are consistent with the provisions of Indiana Code Title 31 which place a duty for child support upon parents based upon their financial resources and needs, the standard of living the child would have enjoyed had the marriage not been dissolved ... the physical or mental condition of the child, and the child's educational needs."). Pursuant to the Guidelines, child support orders are based upon the "weekly gross income" of both parents, which is defined as:

> "actual weekly gross income of the parent if employed to full capacity, potential income if unemployed or underemployed, and imputed income based upon 'in-kind' benefits. Weekly gross income of each parent includes income from any source, except as excluded below, and includes, but is not limited to, income from salaries, wages, commissions, bonuses, overtime, partnership distributions, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits, workmen's compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts, prizes, and alimony or maintenance received from other marriages. Specifically excluded are benefits from means-tested public assistance programs, including, but not limited to Temporary Aid To Needy Families (TANF), Supplemental Security Income, and Food Stamps."

Child Supp. G. 3(A)(1).

Notably, inheritance is not specifically mentioned in Child Supp. G. 3(A)(1), but gifts are specifically included in gross income. One of the objectives of the Guidelines was "to make awards more equitable by ensuring more consistent treat-

ment of people in similar circumstances." Child Supp. G. 1. For purposes of child support calculation, we can discern no appreciable difference between one who receives property by an inter vivos gift and one who receives the same or similar property by testamentary transfer, nor can we discern a logical reason to include one and exclude the other. Accordingly, we conclude that an inheritance should be considered in determining gross income for purposes of the Indiana Child Support Guidelines.

▪▪▪ This conclusion, however, does not end our inquiry. The Indiana Child Support Guidelines are just that—guidelines. They are not mandates. *See* Commentary 2(b), (d), Child Supp. G. 3(A)(1) (recognizing "fact-sensitive" nature of computing child support). Indeed, we believe that the essence of judging in the family court arena lies in knowing when it is appropriate and equitable to order support pursuant to the Guidelines and when and how to depart from the Guidelines to enter an order that is appropriate and equitable. Commentary to the Guidelines underscores this belief: "Judges and practitioners should be innovative in finding ways to include income that would have benefited the family had it remained intact, but be receptive to deviations where reasons justify them." Commentary 2(b), Child Supp. G. 3(A)(1). The nature of an inheritance suggests that it may be the type of income that justifies such a deviation. It is not periodic, regular, or dependable.[2] It may not be in the nature of cash or readily convertible to cash. Its receipt may provide direct and indirect benefits to the child. Thus, while the trial court should consider an inheritance in determining

gross income, the ultimate effect of the receipt of an inheritance on the determination of child support lies within the sound discretion of the trial court. In one case, the inheritance may in and of itself constitute a change in circumstances sufficient to justify a modification of a prior support order. In another, it may have no effect on the child support determination.

▪▪▪ Further, if the court excludes an inheritance from gross income, it may nevertheless consider the inheritance in determining child support. It is well-established that Indiana courts have the authority to consider the financial circumstances and net worth of the parents in addition to their income when calculating child support. *Garrod v. Garrod,* 655 N.E.2d 336, 338–39 (Ind.1995) (net worth of non-custodial parent was legitimate factor to consider in determining child support where non-custodial parent purchased boat, truck, and car, maintained two other vehicles and two homes, and traveled to England three times a year). An inheritance may change a non-custodial parent's ability to pay child support. For instance, an inheritance may be used to reduce a non-custodial parent's debt, thereby increasing the parent's overall standard of living.

▪▪▪ The nature and use of the inheritance should also be considered in determining child support. Where an inheritance is in the form of cash or securities and is placed in income-generating assets, the interest, dividends, or other income from such assets should be included in gross income for purposes of determining child support. Where a parent opts to place some or all of an inheritance in non-income producing assets, the court may consider whether it is appropriate to im-

---

2. Commentary 2(b), Child Supp. G. 3(A)(1) recognizes such irregular forms of income: "There are numerous forms of income that are irregular or nonguaranteed, which cause difficulty in accurately determining the gross income of a party. Overtime, commissions, bonuses, periodic partnership distributions, voluntary extra work and extra hours worked by a professional are all illustrations, but far from an all-inclusive list, of such items. Each is includable in the total income approach taken by the Guidelines, but each is also very fact-sensitive. . . . Care should be taken to set support based on dependable income, while at the same time providing children with the support to which they are entitled."

pute income to the parent. Not all such choices should support such imputation. It may be appropriate and equitable and in the best interests of the child for a parent who inherits a family heirloom to retain that heirloom without affecting the child support obligation.

In summary, our reading of the Guidelines and the authorities addressing the issue of whether an inheritance is income for purposes of calculating child support leads us to the following conclusions: First, for purposes of modification an inheritance may amount to a substantial and continuing change in circumstances sufficient to trigger a modification of a child support order. Second, the principal amount of the inheritance should be considered by the trial court in determining gross income for purposes of calculating child support. Third, the court may exclude the inheritance from its determination of gross income where sound reasons exist. Fourth, the effect of the inheritance on the financial circumstances and net worth of the parent may be considered in determining whether the court should deviate from the Guidelines in determining child support. Fifth, the interest, dividends, or other return on the investment of the inheritance is income. Finally, if a parent places the inheritance in non-income producing assets, a trial court may also consider the inheritance in determining whether income should be imputed to the parent for purposes of child support.

Here, the trial court considered the inheritance Yrttima received and concluded that it should be excluded. The Record discloses reasons supporting such exclusion, and Gardner has not shown that the trial court abused its discretion in doing so. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

NAJAM and VAIDIK, JJ., concur.