

# ARKANSAS COURT OF APPEALS

### DIVISION II
**No.** CV-14-692

| | | |
|---|---|---|
| MICHAEL FISCHER | | **Opinion Delivered** February 25, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63DR-10-335-4] |
| MELANIE FISCHER | | HONORABLE ROBERT HERZFELD, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

This is an appeal from an order in which the Saline County Circuit Court found that, because the parties' agreement for their minor children's parochial-school education was an independent contract separate from child support, the court had no jurisdiction to modify the payments. On appeal, Michael Fischer argues that payments for education are more closely related to an award of support than to a settlement of property rights or alimony, and therefore the circuit court had jurisdiction to modify those expenses. Based on the facts of the instant case, we disagree with Michael's argument and affirm the trial court.

Melanie and Michael Fischer were married on October 25, 1997, and their divorce decree was entered of record on May 25, 2011. In the twenty-four page decree, which contained numerous category headings, the parties included a heading titled "Primary Education (K-12th Grade)" in which Michael agreed to be solely responsible for all tuition and books related to all three of their minor children's primary education at Immaculate

SLIP OPINION

Conception School (IC) for kindergarten through eighth grade, and then Mount St. Mary Academy (MSM) for ninth through twelfth grade.

Paragraph 4 of the decree states: "The parties have executed a written Property Settlement Agreement for providing for the disposition of their marital property and disposition of their financial affairs. The parties have requested that their Agreement be incorporated into this Decree. The Agreement executed by the parties is set forth verbatim as follows," and then it sets out every item under the main heading "Custody, Support, and Property Settlement Agreement." The decree further includes each and every item that the parties agreed to under separate headings such as "Real Property," "Vehicles," "Accounts and Funds," "Personal Property," "Debts," "Alimony," "Child Custody," "Child Support," "Insurance," "Taxes,""Primary Education (K–12th Grade)," etc.

On January 3, 2014, Melanie filed a motion for contempt after receiving notification that Michael would no longer be making tuition payments at either parochial school. The next day, Michael filed a motion to modify the decree, arguing that his child-support obligation should be decreased due to lower earnings and that the children should be allowed to attend public school. On March 5, 2014, Melanie filed a motion for partial summary judgment, which the court granted on May 20, 2014. The court found that the school payments were contractual between the parties and therefore not modifiable; that there had been a change in Michael Fischer's income and reduced his bi-weekly child support to $1526; that Michael was to reimburse Melanie for tuition she had paid at a bi-weekly rate of $194.53; and that Michael had the ultimate decision-making power regarding the children's medical issues. From that order, this appeal follows.

On appeal, Michael contends that, because the agreement to pay the children's educational expenses is more closely related to child support than to property settlement or alimony, the court erred in finding it did not have jurisdiction to modify the payments. Melanie argues that the agreement was incorporated into the decree and is a valid, independent contract, which, under well-settled Arkansas law, is enforceable but not modifiable by the trial court.

This court reviews the trial court's conclusion of law de novo. *Houston v. Houston*, 67 Ark. App. 286, 999 S.W.2d 204 (1999). Courts always retain jurisdiction to modify child-support issues, even if the parties previously agreed upon those issues. *Brown v. Brown*, 76 Ark. App. 494, 68 S.W.3d 316 (2002). However, when parties enter voluntarily into an independent agreement that is incorporated into a decree of divorce, it cannot be subsequently modified by the court. *Law v. Law*, 248 Ark. 894, 897, 455 S.W.2d 854, 856 (1970). When a contract is unambiguous, its construction is a question of law for the court and the intent of the parties is not relevant. *Kennedy v. Kennedy*, 53 Ark. App. 22, 918 S.W.2d 197 (1996). Here, the parties were represented by able counsel and entered into the contract voluntarily, so it must be enforced. Furthermore, this court has long held that an independent property-settlement agreement, if approved by the court and incorporated into the decree, may not be subsequently modified by the court. *Jones v. Jones*, 26 Ark. App. 1, 4, 759 S.W.2d 42, 44 (1988). Such is the case here.

Although the court may modify a child-support obligation after the moving party shows a material change of circumstances, we agree with the trial court that the separate



agreement—in this case for the husband to pay for K–12 parochial-school tuition and books—is not part of the child-support obligation and thereby is not modifiable.

Arkansas Code Annotated section 9-12-312(3)(A)–(C) (2013) provides:

In determining a reasonable amount of support, initially or upon review to be paid by the noncustodial parent, the court shall refer to the most recent revision of the family support chart. It shall be a rebuttable presumption for the award of child support that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate, as determined under established criteria set forth in the family support chart, shall the presumption be rebutted.

A trial court may deviate from the chart amount if it exceeds or fails to meet the needs of the children. *Ceola v. Burnham*, 84 Ark. App. 269, 139 S.W.3d 150 (2003). Administrative Order No. 10(V) sets forth the following factors to be considered when deviating from the amount set by the chart: food, shelter and utilities, clothing, medical expenses, educational expenses, dental expenses, child care (including nursery, baby sitting, day care or other expenses for supervision of children necessary for the custodial parent to work), accustomed standard of living, recreation, insurance, transportation expenses, and other income or assets available to support the child from whatever source.

While Administrative Order No. 10 does list educational expenses as one of the factors to be considered when deviating from the chart's set amount, in the instant case, there is no direct language linking the parochial-school tuition to child support. In setting the child support, the trial court did not deviate from the chart amount because of the tuition payments. Under the heading "Child Support" in the divorce decree, it specifically states that the husband shall pay child support in the amount of $1703 bi-weekly. However, it



further states:

> So long as Husband is paying the house payment as set out herein the amount of the house payment will be considered child support and not in addition to child support. Upon the home being sold and the mortgages paid in full at closing, Husband's child support obligation as set out herein shall commence and be payable to Wife for the benefit of the children.

This is direct language linking the mortgage payments to child support in the decree—both in the child-support section and in the real-property section. Conversely, there is no language in either the child-support section or the primary-education section that links the tuition payments to child support. Since the parties included the language about the mortgage payments in lieu of child support, they and their respective counsel were clearly aware that it could have been included. Michael could have petitioned the court to deviate from the set chart amount for support if he wanted to have the educational expenses count as part of his child-support obligation.

Child support is defined as "only those support obligations that are contained in a decree or order of the circuit court which provides for the payment of money for the support and care of any child or children." Ark. Code Ann. § 11-9-110(g) (Repl. 2002). The tuition payments in this case do not "support" or "care" for the children because Michael voluntarily agreed to pay the tuition in addition to his regular bi-weekly child-support payment which was based on his income when applied to the child-support chart. Michael did not seek a deviation from the chart or an offset of other financial obligations because of his agreement to pay the tuition in full. Further, the language throughout the divorce decree indicates that the tuition is separate and apart from his child-support obligation. There is no link between



the child support and the tuition payments.

If Michael wished for his tuition payments to be counted toward his child support, he could have bargained to do so just as he presumably did with the mortgage payment. There is no language in the parties' agreement that payments of the tuition and books at parochial school for the three minor children were made in lieu of Michael's child-support obligation or were made in order for the court to deviate from the chart-based amount. As such, we must affirm the lower court in its decision that, as a matter of law, it did not have jurisdiction to modify the separate agreement that Michael would be responsible for payment of parochial-school tuition and books for his three children from kindergarten through twelfth grade.

We note that this issue presents a case-by-case determination, and under other circumstances, private-school tuition could be a factor for the lower court to consider when modifying child support. However, given the facts of this case and the issue at hand, this is a completely separate and independent agreement made by the parties, incorporated into the decree and signed by both parties. Just as this court held in *Jones*, an independent property-settlement agreement, if approved by the court and incorporated into the decree, cannot be subsequently modified by the court. Here, the trial court held that there was an independent property-settlement agreement, citing the separate headings and the lack of language tying the tuition to child support. The trial court found that the tuition payments were in addition to the normal chart-ordered support and were bargained for, whether wisely or not, by both parties. The trial court was correct in concluding that it did not have jurisdiction to modify

the provision, and therefore, we affirm.

Affirmed.

HIXSON and HOOFMAN, JJ., agree.

*Sherry Burnett*; and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Kimberly Eden*, for appellee.