## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 23 2016, 8:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Peter M. Yarbro
Fred R. Hains
Erica V. Speraw
Hains Law Firm, LLP
South Bend, Indiana

ATTORNEY FOR APPELLEE

Len C. Zappia
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kimberly A. Anderson,

*Appellant-Petitioner,*

v.

Marc A. Anderson,

*Appellee-Respondent.*

September 23, 2016

Court of Appeals Case No. 71A05-1602-DR-308

Appeal from the St. Joseph Superior Court

The Honorable David C. Chapleau, Judge

Trial Court Cause No. 71D06-0708-DR-537

**Robb, Judge.**

# Case Summary and Issue

Kimberly Rudzinski ("Mother") and Marc Anderson ("Father") were divorced in 2008, and Father was ordered to pay child support. In 2014, Father sold his business interest in Foremost Fabricators, LLC, which resulted in a one-time capital gain of $1,088,516. Mother subsequently filed a petition to include Father's capital gain in his child support calculation, which the trial court denied. Mother raises two issues on appeal, which we consolidate and restate as whether the trial court abused its discretion in excluding Father's capital gain from his weekly gross income for the purposes of child support. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

Mother and Father were married in 1997. Their marriage produced two children. In 2008, the trial court entered a dissolution of marriage decree and incorporated into its order the parties' settlement agreement regarding the property settlement and co-parenting plan. Pursuant to the settlement agreement, each party retained certain assets and liabilities from the marriage. Specifically, Mother retained a 2006 Nissan Altima, certain items of personal property, her individual financial accounts, fifty-five percent of a Key Investment Services IRA account, and received a cash payment from Father of $10,000. Father retained his business interest in Foremost Fabricators, LLC, the marital residence along with the mortgage obligation, certain items of personal property, his individual financial accounts, and forty-five percent of

the Key Investment Services IRA account. Father also refinanced all other martial debts into his name. The trial court ordered Father to pay $235 per week in child support.

[3] In 2013, the parties agreed to modify Father's child support payments, which the trial court approved. The modification required Father to pay $428 per week in child support and nine percent of the pre-tax value of any bonus or commission he received.

[4] In 2014, Father sold his business interest in Foremost Fabricators, LLC, which resulted in a one-time capital gain of $1,088,516.[1] One year later, Mother filed a petition to modify child support. The parties resolved some of the issues on their own, agreeing to modify Father's child support to $440 per week. However, the parties disagreed whether Father's capital gain from the sale of his business interest should be included in his weekly gross income for the purpose of calculating child support. Following a hearing, the trial court denied Mother's request to include the sale proceeds in Father's weekly gross income. Mother then filed a motion to correct error, which the trial court denied. Mother now appeals.

# Discussion and Decision

---

[1] Father is still employed by Foremost Fabricators, LLC.

# I.  Standard of Review

In this case, the trial court denied Mother's request to include Father's capital gain in his child support calculation and her subsequent motion to correct error. A decision to grant or deny a motion to correct error and decisions regarding child support, such as a modification, are reviewed for an abuse of discretion. *Lovold v. Ellis*, 988 N.E.2d 1144, 1149-50 (Ind. Ct. App. 2013).  An abuse of discretion occurs when a trial court's decision is against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law. *Id.* at 1150.  When reviewing a decision for an abuse of discretion, we consider only the evidence and reasonable inferences favorable to the judgment.  *Id.*

# II.  Capital Gain

On appeal, Mother argues the trial court erred in excluding Father's capital gain from his child support calculation.  Specifically, she argues that for the purposes of calculating child support, the Indiana Child Support Guidelines' ("Guidelines") definition of "weekly gross income" includes capital gains. Thus, she believes Father's proceeds of $1,088,516 from the sale of his business interest should be included in his weekly gross income for calculating child support.[2]

---

[2] As a separate issue, Mother argues nine percent of Father's capital gain income should be included in his child support obligation as irregular income.  This argument stems from the trial court's 2013 order approving the parties' modification of child support.  *See* Appendix of Appellant at 27.  We find no merit in this argument.  Pursuant to the 2013 child support order, Father is required to pay Mother, in cash, "nine

[7] Father responds the trial court correctly denied Mother's petition to include capital gain in his child support calculation. He does not dispute the nature of the proceeds as income to him. However, he maintains the capital gain is a one-time, irregular form of income which the trial court could exclude in its discretion. Further, Father argues because the marital assets were equally divided pursuant to a bargained-for settlement agreement upon dissolution of the marriage, the proceeds from Father's sale of his business interest in Foremost Fabricators, LLC should not be included in his weekly gross income.[3]

[8] As noted by Mother, Indiana Child Support Guideline 3(A)(1) includes capital gains as an element of "weekly gross income":

> For purposes of these Guidelines, "weekly gross income" is defined as actual weekly gross income of the parent if employed to full capacity, potential income if unemployed or underemployed, and imputed income based upon "in-kind" benefits. Weekly gross income of each parent includes income from any source, except as excluded below, and includes, but is not limited to, income from salaries, wages, commissions, bonuses, overtime, partnership distributions, dividends, severance pay, pensions, interest, trust income, annuities, *capital gains*, social security benefits, workmen's compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts, inheritance, prizes, and alimony or maintenance received. . . . Specifically excluded are benefits from means-tested public assistance programs, including, but not limited to, Temporary

percent (9%) of the pre-tax of any value of all bonuses and/or commissions received by Father." *Id.* Here, the parties agree the sale of his business interest constitutes capital gain, not a "bonus" or "commission."

[3] We note Indiana law contains a statutory presumption that an equal division of marital assets is just and reasonable. Ind. Code § 31-15-7-5.

> Aid to Needy Families (TANF), Supplemental Security Income, and Food Stamps. Also excluded are survivor benefits received by or for other children residing in either parent's home.

(Emphasis added.) "Weekly gross income" is "broadly defined to include not only actual income from employment, but also potential income and imputed income from 'in-kind' benefits." *Glover v. Torrence*, 723 N.E.2d 924, 936 (Ind. Ct. App. 2000). The phrase "actual income" implies that "the income be not only existing in fact but also currently received by the parent and available for his or her immediate use." *Carmichael v. Siegel*, 754 N.E.2d 619, 628 (Ind. Ct. App. 2001). Thus, we agree capital gains should be considered in determining weekly gross income for purposes of the Guidelines.

[9] However, the Guidelines are not "immutable, black letter law," and "[d]eviation is proper if strict application of the Guidelines would be 'unreasonable, unjust, or inappropriate.'" *Garrod v. Garrod*, 655 N.E.2d 336, 338 (Ind. 1995) (citation omitted). In fact, the Commentary to the Guidelines recognizes the "fact-sensitive" nature of computing child support and cautions that determining income is more difficult when irregular or nonguaranteed forms of income are involved. Child Supp. G. 3(A), cmt. 2(b).[4] The

---

[4] The Guidelines recognize such irregular forms of income:

> There are numerous forms of income that are irregular or nonguaranteed, which cause difficulty in accurately determining the gross income of a party. Overtime, commissions, bonuses, periodic partnership distributions, voluntary extra work and extra hours worked by a professional are all illustrations, but far from an all-inclusive list, of such items. . . .

Commentary urges judges and practitioners to be "innovative in finding ways to include income that would have benefited the family had it remained intact, but be receptive to deviations where reasons justify them." *Id.* In this case, the nature of Father's capital gain suggests it may justify a deviation. Father's sale of his business interest was a single transaction, and not "periodic, regular, or dependable." *Gardner v. Yrttima*, 743 N.E.2d 353, 358-59 (Ind. Ct. App. 2001) (concluding the trial court did not abuse its discretion in excluding a single inheritance from mother's child support calculation). Further, Father and Mother agreed when their marriage was dissolved he would retain his business interest, with Father incurring more marital debt and paying Mother cash in exchange. In its order on Mother's petition to modify, the trial court denied Mother's request to include Father's capital gain, stating,

> [I]n this case mother received substantial assets in exchange for the ownership interest in father's business, and when that business is sold, mother should not be able to both possess the assets she bargained for in exchange for the business in the property settlement agreement and also include the proceeds of the sale in father's weekly gross income.

Appendix of Appellant at 14-15.

---

Care should be taken to set support based on dependable income, while at the same time providing children with the support to which they are entitled.

Child Supp. G. 3(A), cmt. 2(b).

In *Scoleri v. Scoleri*, 766 N.E.2d 1211 (Ind. Ct. App. 2002), the parties disputed whether an early withdrawal from father's 401(k) account constituted income within the meaning of the Guidelines. Father received the 401(k) account as part of the parties' property settlement agreement, with mother receiving the marital home. We held the withdrawal constituted income; however, we concluded the trial court erred in including the cash withdrawal in the calculation of father's child support obligation. *Id.* at 1217-18. Specifically, we stated, "[p]resumably, the parties agreed that Father would retain his 401(k) IRA in exchange for Mother retaining the marital home. Without any evidence to the contrary, we deem it inequitable to utilize Father's portion of the marital property, his 401(k) account, in the calculation of his weekly gross income." *Id.* (internal citation omitted).

Likewise, the parties here agreed and the trial court entered an order awarding Father his business interest as part of the marital property distribution. In exchange, Father incurred a substantial amount of marital debt and paid Mother $10,000. The settlement agreement provides, in pertinent part:

> [Father] shall continue as the sole owner of his interest in the business enterprise known as Foremost Fabricators, LLC. [Father] shall be solely responsible to pay for his share of the liabilities of said business enterprise.

App. of Appellant at 20. Presumably, the parties valued Father's business interest at the time of dissolution of marriage in order to effect an equitable

division, and his capital gain represents that value.[5] Thus, Father's capital gain represents the sale of an "asset" he received in the property settlement. For example, consider the more likely scenario of a marital home or car awarded to a wife in an equitable distribution of marital assets. If the wife cannot afford to maintain the home or car, and therefore sells it, the proceeds should not be included in her weekly gross income. If they were, husband could then potentially reduce the amount of his child support, leading to absurd results. Based on the facts in the record before us, to utilize the capital gain from Father's sale of his business interest in the calculation of his weekly gross income would "usurp the equitable split of the marital property in the summary dissolution decree." *Scoleri*, 766 N.E.2d at 1217 (footnote omitted).[6]

[12] The trial court's decision is not clearly against the logic and effect of all the facts and circumstances before the court. Here, the trial court considered the capital gain and concluded it should be excluded from the child support calculation. The record discloses reasons supporting such exclusion, and Mother has not shown the trial court abused its discretion in doing so.

# Conclusion

---

[5] We note neither party presented evidence of the value of Father's business interest at the time of the dissolution of marriage.

[6] We express no opinion regarding whether interest from Father's capital gain, if any, might be considered in his future child support calculations.

The trial court did not abuse its discretion in denying Mother's petition to modify child support and motion to correct error, and we therefore affirm.

Affirmed.

Mathias, J., and Brown, J., concur.