JUDITH E. DANNER CLIFFORD *v.* HERMAN L. DANNER

5-3960                           409 S. W. 2d 314

Opinion delivered November 21, 1966
[Rehearing denied January 9, 1967.]

*Jack L. Lessenberry,* for appellant.

*U. A. Gentry,* for appellee.

Ed. F. McFaddin, Justice. This is a petition by the mother to require the father to provide child support for his three children. The Chancery Court denied the prayed relief and the mother prosecutes this appeal.

Judith and Herman Danner were married in Little Rock in June 1958; and three little boys were born of that marriage: David, born June 1959; Curtis, born September 1960; and Roger, born December 1961. The Danners separated in August 1964 and in November 1964 Judith Danner was awarded a divorce, the care and custody of the children, and $150.00 per month for support of the children; but she was restrained ''from permanently removing the said minor children out of the State of Arkansas without the consent of the Court or the written consent'' of Herman Danner.

In March 1965 Judith Danner petitioned the Pulaski Chancery Court for permission to allow her to permanently remove the children to another State. This petition was resisted; and on March 30, 1965 there was a hearing by the Court; and the order recites:

> ''The Court finds the parties have agreed that the plaintiff, Judith E. Danner, may take the children of the parties . . . from the jurisdiction of the Court and may establish a permanent residence in a foreign State . . . . The plaintiff [Judith E. Danner] agrees to support said children and the defendant is relieved from any further obligation for support thereof as long as the children remain out of the State. The Court finds that such agreement is reasonable under the circumstances, and that it is for the best interest of the children that said agreement be confirmed by order of the Court.''

The order of March 30th confirmed the agreement but had this further recitation:

> ''And the Court doth retain control and jurisdiction

of this cause for such further orders and proceedings as may be necessary to enforce the rights of the parties and for the well-being of the said three minor children.''

Mrs. Judith Danner married Mr. Clifford on March 24, 1965, and removed the children to the State of Georgia, where they are now living with their mother and stepfather, Mr. Clifford; and there was a proceeding in Georgia in September 1965 to have the children's last name changed to Clifford, but this was without notice to Mr. Danner.

On November 5, 1965 Mrs. Judith Danner-Clifford filed her present petition in the Pulaski Chancery Court, seeking an order to require Mr. Danner to contribute to the support of the children, even though they continued to live in Georgia with her and her new husband. She claimed: (a) that she did not fully understand the agreement on which the said consent order of March 1965 was based; and (b) that there had been a change in conditions in that the children were growing up and needed more financial support and that Mr. Danner was making more money than he had formerly made. The petition was resisted by Mr. Danner. The Chancery Court heard the evidence offered in support of and in resistance to the petition; and on December 1, 1965, entered an order denying the petition. From that order there is the present appeal.

Mr. Danner urges that the consent order of March 1965 is *res judicata* and final. We find no merit in this contention. No order for child support is ever final insofar as concerns the obligation of a father to support his own children. *Lively* v. *Lively*, 222 Ark. 501, 261 S. W. 2d 409; *Robbins* v. *Robbins*, 231 Ark. 184, 328 S. W. 2d 498; and *McCall* v. *McCall*, 205 Ark. 1123, 172 S. W. 2d 677. Furthermore, in the consent order of March 1965 the Chancery Court specifically retained jurisdiction of the case concerning the welfare of the children.

Mrs. Danner-Clifford says that she did not fully understand what was the force and effect of the consent order of 1965; but she has no corroboration for her present claim of misunderstanding, and we attach very little weight to such claim.

We come then to the real issue: do the children need support money from Mr. Danner, their father? Mr. Danner is a pipefitter by vocation and makes approximately $6,000.00 per year and is not shown to have any other assets. From this amount he could contribute to the support of the children if they needed it; but we find no such need shown. Mr. Clifford, the present stepfather (who has had the children's name changed to Clifford), is a drug salesman in Atlanta, Georgia, and earns over $8,000.00 per year and is buying a home. When he married Mrs. Danner-Clifford he agreed to support and care for her and her children. He is doing it and does not seem to be complaining about it. There is no evidence that the three children are other than amply provided for; and we do not find any such evidence of change of circumstances as would justify a modification of the March 1965 order. In *Haney* v. *Haney,* 235 Ark. 60, 357 S. W. 2d 19, we said: ''Any increase in allowance for the support of minor children must be based on a showing that conditions have changed since the entry of the divorce decree.''

After a careful review of the evidence we cannot say that the chancery decree is against the preponderance of the evidence.

Affirmed.