863 S.W.2d 291 (1993)
In re GUIDELINES FOR CHILD SUPPORT.
Supreme Court of Arkansas.
October 25, 1993.
*293 PER CURIAM.
The Arkansas General Assembly enacted Act 948 of 1989, amending Ark.Code Ann. 9-12-312(a) (Supp.1991), and providing in part for guidelines for child support enforcement.
"9-12-312(a)(1) When a decree is entered, the court shall make such orders concerning the alimony of the wife or the husband and care of the children, if there are any, as are reasonable from the circumstances of the parties and the nature of the case.
(2) In determining a reasonable amount of support initially or upon review to be paid by the non-custodial parent, the court shall refer to the most recent revision of the family support chart. It shall be a rebuttable presumption for the award of child support, that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate as determined under established criteria set forth in the support chart, shall the presumption be rebutted.
(3) The family support chart shall be revised at least once every four (4) years by a committee to be appointed by the Chief Justice of the Arkansas Supreme Court to ensure that the support amounts are appropriate for child support awards. The committee shall also establish the criteria for deviation from use of the chart amount.
(4) The Arkansas Supreme Court shall approve the family support chart and criteria upon revision by the committee for use in this state and shall publish same through per curiam order of the court."
Subsequent to the enactment of this legislation the Chief Justice appointed a committee to examine and revise the family support chart previously utilized by the trial court as prescribed by Section 9-12-312(a)(2). In addition, the committee was charged with the responsibility to establish the criteria for deviation from the use of the chart.
The following persons were appointed to the committee: Hon. Ellen Brantley, Larry Carpenter, Esq.; Hon. Fred D. Davis; Hon. Jim Gunter; Don Hollingsworth, Esq.; Hon. Warren Kimbrough; Rep. Jodie Mahony; Harry Truman Moore, Esq.; Hon. Andre McNeil; Jeff Pence, Esq.; Hon. Judith Rogers; and Ben Rowland, Esq. Debby Nye, Chief Counsel for the Department of Human Services, was later added to the Committee.
The Committee members met and filed a formal report establishing child support guidelines and deviation criteria.
*294 In accordance with this Court's rule making authority, Act 948 of 1989 and Family Support Act of 1988, Pub.L. No. 100-485 (1988), this Court adopted the formal report of the Committee on February 5, 1990, 301 Ark. 627, 784 S.W.2d 589 and as a result, provisionally adopted the Family Support Chart, which was established by a Family Law section committee of the Arkansas Bar Association effective July 1, 1987, pursuant to Section 9-12-312(a)(2). A copy of that chart was attached to that per curiam and made a part thereof.
On May 13, 1991, the court also provisionally adopted additions to the guidelines including the attached extended child support chart to be used when the payor's income exceeds the original chart. When the payor's income exceeds that shown on the extended chart, the trial court was advised to disregard the chart and use these percentages of the payor's weekly or monthly income as defined hereinafter to set and establish the dollar amount of support:
One dependent: 13%
Two dependents: 22%
Three dependents: 32%
Four dependents: 42%
Five dependents: 52%
Pursuant to Act 948 of 1989 and the Family Support Act of 1988, Pub.L. No. 100-485 (1988), requiring that the guidelines be reviewed and revised as necessary every four years, the Committee, having considered all relevant data as required by 45 CFR 302.56(h), has submitted its recommendations for revision of the guidelines. After careful deliberation, the Court once more provisionally adopts the following guidelines in their entirety as proposed by the Committee, including the support charts and extended percentages referred to above.
Income refers to the definition in the federal income tax laws, less proper deductions for:
1. Federal and state income tax;
2. Social security (FICA) or railroad retirement equivalent;
3. Medical insurance paid for dependent children; and
4. Presently paid support for other dependents by Court order.
For Social Security Disability recipients, the court should consider the amount of any separate awards made to the disability recipient's spouse and/or children.
For Veteran's Administration disability recipients, support shall be calculated based on those benefits.
For Workers Compensation disability recipients, support shall be calculated based on those benefits.
For Unemployment Compensation recipients, support shall be calculated based on those benefits.
For military personnel, see latest military pay allocation chart and benefits. BAQ (quarters allowance) should be added to other income to reach total income. Military personnel are entitled to draw BAQ at a "with dependents" rate if they are providing support pursuant to a court order. However, there may be circumstances in which the payor is unable to draw BAQ or may draw BAQ only at the "without dependents" rate. Use the BAQ for which the payor is actually eligible. In some areas, military personnel receive a variable allowance. It may not be appropriate to include this allowance in calculation of income since it is awarded to offset living expenses which exceed those normally incurred.
For commission workers, support shall be calculated based on minimum draw plus additional commissions.
For self-employed payors, support shall be calculated based on last year's federal and state income tax returns and the quarterly estimates for the current year. Also the court shall consider the amount the payor is capable of earning or a net-worth approach based on property, life-style, etc.
Use the lower figure on the chart for take-home pay to determine support. Do not interpolate (i.e., use the $200.00 amount for all take-home pay between $200.00 and $210.00 per week.)
*295 The amount paid to the clerk for administrative costs pursuant to Ark.Code Ann. 9-12-312(e)(3) is not to be included as support.
In adopting this per curiam, the Court creates a rebuttable presumption that the amount of child support calculated pursuant to the most recent revision of the Family Support Chart is the amount of child support to be awarded in any judicial proceeding for divorce, separation, paternity, or child support. The court may grant less or more support if the evidence shows that the needs of the dependents require a different level of support.
It shall be sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to the Family Support Chart is correct, if the court enters in the case a written finding or specific finding on the record that the amount so calculated, after consideration of all relevant factors, including the best interests of the child, is unjust or inappropriate. Findings that rebut the guidelines shall state the amount of support that would have been required under the guidelines and include a justification of why the order varies from the guidelines.
The chart assumes that the custodian of dependent children is employed and is not a dependent. For the purposes of calculating temporary support, a dependent custodian should be counted as two dependents as a guide in determining support. For final hearings, the court should consider all relevant factors, including the chart, in determining the amount of any spousal support to be paid.
Relevant factors to be considered by the court in determining appropriate amounts of child support shall include:
1. Food;
2. Shelter and utilities;
3. Clothing;
4. Medical expenses;
5. Educational expenses;
6. Dental expenses;
7. Child care;
8. Accustomed standard of living;
9. Recreation;
10. Insurance;
11. Transportation expenses; and
12. Other income or assets available to support the child from whatever source.
Additional factors may warrant adjustments to the child support obligations and shall include:
1. The procurement and/or maintenance of life insurance, health insurance, dental insurance for the children's benefit;
2. The provision or payment of necessary medical, dental, optical, psychological or counseling expenses of the children (e.g. orthopedic shoes, glasses, braces, etc.);
3. The creation or maintenance of a trust fund for the children;
4. The provision or payment of special education needs or expenses of the child;
5. The provision or payment of day care for a child;
6. The extraordinary time spent with the non-custodial parent, or shared or joint custody arrangements; and
7. The support required and given by a payor for dependent children, even in the absence of a court order.
The child support chart assumes that the non-custodial parent will have visitation every other weekend and for several weeks during the summer. Excluding weekend visitation with the custodial parent, in those situations where a child spends in excess of 14 consecutive days with the non-custodial parent, the court should consider whether an adjustment in child support is appropriate, giving consideration to the fixed obligations of the custodial parent which are attributable to the child, to the increased costs of the non-custodial parent associated with the child's visit, and to the relative incomes of both parents. Any partial abatement or reduction of child support should not exceed 50% of the child support obligation during the extended visitation period of more than 14 consecutive days.
In situations in which the non-custodial parent has been granted annual visitation in excess of 14 consecutive days, the *296 court may prorate annually the reduction in order to maintain the same amount of monthly child support payments. However, if the non-custodial parent does not exercise said extended visitations during a particular year, the non-custodial parent shall be required to pay the abated amount of child support to the custodial parent.
In addition to the award of child support, the court order shall provide for the child's health care needs, which would normally include health insurance if available to either parent at a reasonable cost.
Allocation of dependents for tax purposes belongs to the custodial parent unless the parties otherwise agree. See Sec. 152(e) of the Internal Revenue Code.
All orders of child support should fix the dates on which payments should be made and the method of such payment, such as through the Clerk of the Court or by wage assignment. Times for payment should ordinarily coincide with the payor's receipt of salary, wages, or other income.
For purposes of computing child support payments, a month consists of 4.334 weeks. Bi-weekly means a wage earner is paid once every two weeks or 26 times during a calendar year. Bi-monthly means a wage earner is paid twice a month or 24 times during a calendar year.
The Court hereby approves and adopts the attached revised Affidavit of Financial Means for use in all family support matters. The trial court shall require each party to complete and exchange the attached Affidavit of Financial Means prior to a hearing.
Inasmuch as this is a provisional order of the Court, the Court directs the Chief Justice and the Committee on Child Support to continue its charge to study, and revise where necessary, the guidelines for child support to ensure the proper enforcement of child support awards in this state.
The Court notes that the Committee has requested that it now be reconstituted, having served for four years, and that terms be established for its members. The Court thanks the Committee and its Chair, Hon. Ellen Brantley, for their tireless and dedicated service and will, in due time, reappoint a Committee with set terms to continue the work of reviewing and revising the guidelines.
NEWBERN, J. dissents; see In re: Guidelines for Child Support Enforcement, 301 Ark. 627, 784 S.W.2d 589 (1990) (Hickman, J., dissenting).
*297 
*298 
*299 
*300 
*301 
*302 
*303 
*304