Jerry E. SMITH *v.* Shana Benson Crumley SMITH

99-889                                          19 S.W.3d 590

Supreme Court of Arkansas
Opinion delivered June 8, 2000

*Edward P. Jones*, Chancellor;

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *William I. Prewett*, for appellant.

*Ronald L. Griggs*, for appellee.

RAY THORNTON, Justice. Appellant Jerry E. Smith brings this appeal of the judgment of the Union County Chancery Court awarding appellee Shana Benson Crumley Smith child support in the amount of thirteen percent of his net income for the benefit of their daughter. We assumed jurisdiction under Ark. Sup. Ct. R. 1-2(a)(7), as a second or subsequent appeal following an issue previously considered by this court. *See Smith v. Smith*, 337 Ark. 583, 990 S.W.2d 550 (1999)(appeal dismissed for want of final order). Appellant contends on appeal that the chancellor erred in awarding support as established by the child-support guidelines because this resulted in an unreasonable amount for the provision of the needs of an infant. Because the chancellor correctly followed the guidelines established by this court in *In re: Guidelines for Child Support*, 314 Ark. 644, 863 S.W.2d 291 (1993)(*per curiam*) and ordered child support in the presumptively correct sum, and because that presumption was not rebutted by appellant's evidence, we determine that there was no error and affirm the decision of the trial court.

When the parties married on December 2, 1995, appellant was fifty-nine years old; appellee was a twenty-three year old single mother of two employed by appellant's company as a receptionist. The couple separated in April 1996 and appellant filed for divorce. Their daughter was born of the marriage on October 30, 1996. Appellee was given full custody of the child and appellant was awarded visitation. At the time the divorce decree was entered, the chancellor set child support at thirteen percent of appellant's net income of $3,000 per week, or $390 per week for the child's benefit. On appeal, appellant argues that because his income exceeds the highest bracket set out in the child-support chart, the trial court should not have "blindly" applied the thirteen percent of net income set out in the Child Support Guidelines for use when the bracket did not reach the actual level of net income earned. Appellant contends that child support in such instances should be

determined by reference to the child's reasonable needs. Appellant further contends that it was error for the trial court to have declined to order a trust to be established for the child, with some of the award for child support set aside for the child's future needs.

■ The amount of child support lies within the sound discretion of the chancellor, and the chancellor's finding will not be disturbed on appeal in the absence of a showing of an abuse of that discretion. *Scroggins v. Scroggins*, 302 Ark. 362, 790 S.W.2d 157 (1990). The Legislature has provided that a family-support chart is the appropriate method for determining the amount of support for children by their noncustodial parents. Arkansas Code Annotated § 9-12-312(a)(2) (Supp. 1999) provides:

> In determining a reasonable amount of support . . . to be paid by the noncustodial parent, the court shall refer to the most recent revision of the family support chart. It shall be a rebuttable presumption for the award of child support that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate, as determined under established criteria set forth in the family support chart, shall the presumption be rebutted.

*Id.* The Family Support Chart is revised every four years by a committee appointed by the Chief Justice, to ensure that the support amounts are appropriate for child-support awards. The committee also establishes the criteria for deviation from use of the chart amount. *In re: Guidelines for Child Support*, 314 Ark. 644, 863 S.W.2d 291 (1993)(*per curiam*).

> It shall be sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to the Family Support Chart is correct, if the court enters in the case a written finding or specific finding on the record that the amount so calculated, after consideration of all relevant factors, including the best interests of the child, is unjust or inappropriate. Findings that rebut the guidelines shall state the amount of support that would have been required under the guidelines and include a justification of why the order varies from the guidelines.

*Id.*

■ The family-support chart is, in essence, a rule promulgated by the Arkansas Supreme Court. We construe court rules using the same means, including canons of construction, that are used to interpret statutes. *See Gannett River States Pub. Co. v. Arkansas Judicial Discipline and Disability Comm'n*, 304 Ark. 244, 247, 801 S.W.2d 292 (1990). The basic rule of statutory interpretation to which all other interpretative guides must yield is the necessity to give effect to the intent of the General Assembly. *See Rogers v. Tudor Ins. Co.*, 325 Ark. 226, 925 S.W.2d 395 (1996).

The Child Support Guidelines provide that when the payor's income exceeds that shown on a table included in the chart, the trial court is directed to apply a percentage of the payor's weekly or monthly income to establish a presumptively reasonable level of support. Based upon the guidelines, appellant was ordered to pay thirteen percent of his weekly income of $3,000, or $390 per week for his daughter. Provision was made to allow payments to be made monthly.

■ We begin with the presumption that the chart amount is reasonable. *Cochran v. Cochran*, 309 Ark. 604, 832 S.W.2d 252 (1992). Reference to the chart is required, and the chart establishes a rebuttable presumption of the appropriate amount which can only be modified on the basis of written findings stating why the chart amount is unjust or inappropriate. *Black v. Black*, 306 Ark. 209, 812 S.W.2d 480 (1991).

■ While there is a rebuttable presumption that the amount of support according to the Child Support Guidelines is correct, the presumption may be overcome if the chancellor determines that the chart amount is unjust or inappropriate. *See Scroggins, supra.* In the case *sub judice*, appellant sought to persuade the chancellor that the $390 weekly allowance for child support was unjust or inappropriate because that amount exceeded what appellant contended was a reasonable requirement for child support for a very young child. Appellant sought to prove his contention that the weekly allowance was excessive through cross-examination of appellee as to her utility bills, cost of food, and the costs associated with living in her trailer home, as well as those expenses on her affidavit of financial means, which had been prepared before the child was born.

■ The cross-examination of appellee did not convince the chancellor that the presumptive standard established by the Child Support Guidelines was unjust or inappropriate, and appellant did not seek to introduce or proffer other evidence to support a finding that a variance from the guidelines was required. The chancellor may consider nineteen enumerated factors to support a deviation from the presumptive amount set out in the guidelines, *see In re: Guidelines for Child Support Enforcement, supra,* but when deviating from the guidelines, the chancellor must explain his or her reasoning by the entry of a written finding or by making a specific finding on the record. *See Scroggins, supra;* Ark. Code Ann. § 9-12-312(2).

■ Here, the chancellor considered the limited evidence supporting a variation from the chart and found specifically that "the evidence does not indicate any reason which should cause deviation from the child support chart...." We cannot say that the chancellor abused his discretion in making this finding. In the absence of a finding by the trial court specifically approving a deviation from the chart, the amount established by the guidelines is the reasonable amount to provide for the child's needs. With regard to appellant's contention that the trial court erred in failing to consider the age of the child in making its determination as to reasonable support amounts, we note only that neither the statute, nor the Child Support Guidelines, offer any distinction based on the child's age as a basis for deviation from the guidelines. Therefore, there was no error in the trial court's failure to rely upon age to reduce the award.

■ Based on the record before the trial court, we cannot conclude that the chancellor abused his discretion in finding that appellant did not present sufficient evidence to rebut the presumption in favor of the percentage of support called for in the Child Support Guidelines. Accordingly, we hold that the chancellor did not commit error in declining to deviate from the presumptively correct support amount and affirm his decision on that point.

■■ Finally, we consider appellant's second point on appeal, that the trial court erred in failing to establish a trust for the child with the support funds paid out of the amount established for child support. Our reading of the statute and the guidelines does not convince us that the chancellor had the authority to designate portions of the child-support award for that purpose. Assignments

of error presented by counsel in their brief, unsupported by convincing argument or authority, will not be considered on appeal, unless it is apparent without further research that they are well taken. *Dixon v. State*, 260 Ark. 857, 545 S.W.2d 606, 609 (1977). As appellant notes in his brief, child support is not to provide for the accumulation of capital by children, but is to provide for their reasonable needs. *Heins v. Heins*, 783 S.W.2d 481 (Mo. Ct. App. 1990). We affirm the trial court on this point as well.

Affirmed.