James MOREHOUSE *v.* Lori Morehouse LAWSON

CA 04-251                                    206 S.W.3d 295

Court of Appeals of Arkansas
Opinion delivered April 6, 2005

[Rehearing denied May 11, 2005.]

*Kent J. Rubens*; and *Mary Lile Broadaway*, for appellant.

*Blackman Law Firm*, by: *Keith Blackman*; and *Carla Rogers Nadzam*, for appellee.

JOHN B. ROBBINS, Judge. This appeal is from an order denying appellant James Morehouse's motion, on the ground of fraud, to set aside a divorce decree that specified his child-support obligation for two children who were born to his ex-wife, appellee Lori Morehouse Lawson. Lawson admitted that the children are not Morehouse's biological children. The trial court denied the motion on the basis that Morehouse knew that he was not the biological father of the children at the time of the decree's entry. We affirm in part and reverse in part.

Morehouse and Lawson were married on July 1, 1996. On July 2, 1996, Lawson gave birth to a daughter, A.M. A son, C.M., was born to Lawson on September 9, 1998. Morehouse's name was placed on both children's birth certificates, and both children were given the last name of Morehouse. On October 1, 1999, Lawson filed a complaint for divorce, alleging that "[t]wo children were born to the marriage." On October 4, 1999, Morehouse filed a waiver of corroboration of Lawson's grounds for divorce. On the same day, Morehouse filed an entry of appearance and waiver of service of summons. The signature line was left blank. However, Morehouse did sign the verification portion of the document before a notary public, stating that he had "read the foregoing ENTRY OF APPEARANCE AND WAIVER OF SERVICE OF SUMMONS and state that it is true and correct to the best of [his] knowledge, information and belief."

A decree of divorce was entered on December 20, 1999. The decree included the following findings:

> 5. That [Morehouse] enters his appearance and waives the requirement of the formal service of process by a pleading which has been filed herein.

> 6. That [Morehouse] waives any requirement regarding the corroboration of grounds for divorce as alleged by [Lawson] and consents that this matter may proceed on an uncontested basis.

7. That there were two children born of the marriage of [Lawson] and [Morehouse], namely [A.M.], born July 2, 1996, and [C.M.], born September 9, 1998. . . .

8. [Morehouse] shall pay to [Lawson] for the support and maintenance of the children the sum of $8,333 per month. . . .

. . . .

11. That the FINAL PROPERTY SETTLEMENT AGREE-MENT executed by the parties on December 20, 1999, and referred to hereinabove and below, shall replace and supercede the PRE-NUPTIAL AGREEMENT executed by the parties on July 1, 1996 and also, the SEPARATION AGREEMENT executed by them on October 1, 1999. . . .

Morehouse signed the last page of the decree, indicating his approval as to its form.

On August 31, 2001, Morehouse filed a motion seeking to modify his child-support obligation, alleging that he had suffered a reduction in income resulting in a material change in circum-stances. Morehouse later amended his motion to allege that he had suffered a forty-percent reduction in income. Lawson filed a response, denying the allegations. Lawson also filed a counterpe-tition seeking to have Morehouse held in contempt for nonpay-ment of support. On July 3, 2002, Morehouse filed a motion to set aside the decree in which he alleged that Lawson committed fraud in the procurement of the decree. Specifically, Morehouse alleged that Lawson lied to him regarding his being the biological father of the children. Morehouse also filed a motion for genetic testing. Lawson responded, admitting that Morehouse was not the father of the children.

The trial court announced its findings from the bench, finding that Morehouse had entered his appearance in the action by signing the entry of appearance and waiver, the waiver of corroboration of grounds, and the divorce decree itself. The court next noted that, although there is a presumption that children born during a marriage are the husband's children, Lawson admitted that Morehouse was not the biological father of the children. The court found that, if Lawson had unclean hands, Morehouse also had unclean hands because both approved the decree stating that

there were two children born of the marriage. The court further found that Morehouse knew that he was not the biological father prior to the entry of the decree and that Morehouse did not present any evidence to show that he learned that he was not the father only after the entry of the decree. The court refused to set aside the decree. An order consistent with the oral findings was entered on November 4, 2003.[1] The order also provided that Lawson could submit her request for attorney's fees. Morehouse filed his notice of appeal on November 24, 2003. On December 2, 2003, Lawson submitted a request for fees in the amount of $25,465. Morehouse objected to the fee request, arguing that, under Ark. R. Civ. P. 54(e), the trial court lost jurisdiction to award fees because Lawson filed her request more than fourteen days after entry of the order. Morehouse further argued that, because this was an action to set aside a decree, there was no statutory basis or authority to award fees. The trial court awarded Lawson fees of $25,465, to be paid within twenty days, and Morehouse timely filed his notice of appeal from the award of attorney's fees.

Morehouse raises four issues on appeal: that the divorce decree is void *ab initio* for failure to secure service of summons; that, even if the decree is not void, it should not be enforced because of the clean-hands doctrine; that requiring Morehouse to pay child support for children who are not his biological children constitutes a taking of his property without due process; that the trial court erred in awarding Lawson her attorney's fees in this case.

■■ For his first point, Morehouse argues that the decree is void because he was never served with the summons and complaint and, therefore, the trial court did not have the power to compel the performance of any part of the decree.

> Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. Our case law is equally well-settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. This court has held that the same reasoning applies to service requirements imposed by court rules. . . .

---

[1] At the request of the parties, the order also dismissed Morehouse's petition for modification and Lawson's petition for contempt citation.

*Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003) (citations omitted). Morehouse argues that, although the signature on the entry of appearance and waiver, the waiver of corroboration of grounds, and the separation agreement appear to be his, he did not "sign" the waiver and entry of appearance because he signed the verification portion of the document and, therefore, the trial court never acquired jurisdiction over him. However, Morehouse still signed a valid entry of appearance when he signed the portion labeled "verification." There is no requirement that such entry of appearance be verified. *See* Ark. R. Civ. P. 4(d)(8) (stating that no requirement for verification is necessary where service is accepted by mail); Ark. R. Civ. P. 11 (providing that, absent other statutory requirements, there is no requirement that pleadings be verified). Therefore, the language of the verification portion of the document is mere surplusage.

■■ Apart from the execution of the entry of appearance and waiver, the trial court was correct in denying the motion to set aside the decree because Morehouse entered his appearance when he executed the waiver of corroboration of grounds for divorce. This document was filed contemporaneously with the filing of the entry of appearance and waiver and only three days after the filing of the complaint. Ordinarily, any defect in the service of process is cured or waived by the appearance of the defendant without raising an objection, and he is precluded from thereafter taking advantage of the defect. Ark. R. Civ. P. 12(h)(1); *Burrell v. Arkansas Dep't of Human Servs.*, 41 Ark. App. 140, 850 S.W.2d 8 (1993). Morehouse signed both the property settlement agreement and the decree, indicating his approval with their terms. The decree also states that Morehouse waived the service of process and entered his appearance. Corroboration of grounds (or its waiver) is a necessary step in the divorce process. *See Moore v. Davidson*, 85 Ark. App. 104, 145 S.W.3d 833 (2004). The waiver of corroboration thus recognized the case in court and amounted to Morehouse entering his appearance in the action. Further, Morehouse does not address the issue of whether he entered his appearance by filing the waiver of corroboration or by signing the settlement agreement or the decree. While Morehouse does make an argument that Lawson procured execution of the decree with promises of reconciliation, he makes no such arguments with respect to his execution of the entry of appearance or the waiver of corroboration of grounds.

■ Morehouse relies on *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001),[2] in support of his argument that, because he did not sign the entry of appearance, the trial court acquired no jurisdiction over him. In *Raymond*, also a divorce case, the defendant spouse was never served with a copy of the complaint or summons and did not expressly execute a waiver of notice and entry of appearance, nor did the plaintiff spouse file a motion to extend the time for service as permitted under Ark. R. Civ. P. 4(i). Although the defendant spouse participated in the divorce proceedings by signing a reconciliation agreement, the supreme court held that the trial court acquired no jurisdiction over her and that the decree was void. However, unlike *Raymond*, Morehouse signed an express entry of appearance, together with the decree and the waiver of corroboration of grounds. Further, *Raymond* did not explain why the defendant spouse's signing of the reconciliation agreement did not amount to an entry of appearance. We affirm on this point.

■ For his second point, Morehouse argues that, if the decree is not void, it should not be enforced due to the clean-hands doctrine. The issue is whether the trial court properly denied relief. The purpose of invoking the clean-hands doctrine is to protect the interest of the public on grounds of public policy and for the protection of the integrity of the court. *Roark v. Roark*, 34 Ark. App. 250, 809 S.W.2d 822 (1991). Consequently, application of the doctrine depends on the trial court's discretion as to whether the interests of equity and justice require application of the doctrine. *Grable v. Grable*, 307 Ark. 410, 821 S.W.2d 16 (1991).

■ Morehouse sets forth several examples of what he terms Lawson's misrepresentations concerning the paternity of the children. However, he does not address the trial court's finding that either both parties committed fraud and had unclean hands or neither party did. He also does not address the trial court's finding that he knew the true status of his paternity prior to entry of the divorce decree. Therefore, because two of the trial court's stated grounds for denying relief are not challenged on appeal, we need not decide whether the trial court erred in not applying the

---

[2] *Raymond* reversed a divided decision of this court, *Raymond v. Raymond*, 70 Ark. App. 372, 19 S.W.3d 52 (2000). This court affirmed the trial court, concluding that the defendant's execution of the reconciliation agreement constituted an appearance.

clean-hands doctrine. In other words, even if we were to assume that Morehouse's argument as to the applicability of the doctrine was correct, we still would not reverse in light of his failure to attack the trial court's independent, alternative basis for its ruling. *See Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002); *Pearrow v. Feagin*, 300 Ark. 274, 778 S.W.2d 941 (1989); *Camp v. State*, 66 Ark. App. 134, 991 S.W.2d 611 (1999). We affirm on this point.[3]

■ For his third point, Morehouse argues that requiring him to pay support for children who are not his biological children constitutes a taking of his property without due process. Morehouse makes a one-sentence argument without citing any authority for the proposition, nor does he develop the argument any further. It is well settled that this court does not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority. *Norman v. Norman*, 347 Ark. 682, 66 S.W.3d 635 (2002).

■ Finally, for his fourth point Morehouse argues that there is no statutory authority for the trial court to award Lawson her attorney's fees in this case. Morehouse's argument is that, under Ark. R. Civ. P. 54(e), the court lost jurisdiction to award attorney's fees because Lawson filed her request for fees more than fourteen days after entry of the order. We agree that the motion was untimely and do not address the remainder of his argument.

Rule 54(e) provides, in pertinent part, as follows:

> (1) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action

---

[3] There is another basis on which we can affirm on this point: Morehouse is estopped to challenge the validity of the decree. The supreme court, in *Dupwe v. Wallace*, 355 Ark. 521, 140 S.W.3d 464 (2004), cited longstanding authority to the effect that our courts would not permit a party litigant "to avail himself of inconsistent positions in a litigation concerning the same subject matter" or to "play fast and loose with the court." *Id.* at 530, 140 S.W.3d at 470. Morehouse originally sought to modify the decree in order to reduce his support obligation, thereby recognizing the validity of the decree. It was only after Lawson filed her counterpetition seeking to hold Morehouse in contempt that he changed his position to assert the invalidity of the decree. A party litigant is bound by his pleadings and the allegations therein and cannot maintain a position inconsistent therewith. *International Harvester Co. v. Burks Motors., Inc.*, 252 Ark. 816, 481 S.W.2d 351 (1972). To say the least, Morehouse's present position is inconsistent with his original petition seeking to reduce his support obligation under the decree. A litigant is not permitted to assume wholly inconsistent positions on the same issue in the same case. *Id.*; *see also Wenderoth v. City of Fort Smith*, 256 Ark. 735, 510 S.W.2d 296 (1974).

provides for the recovery of such fees as an element of damages to be proved at trial.

(2) Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statute or rule entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made.

Morehouse relies on *Norman v. Norman, supra,* where the supreme court held that a motion for fees filed more than fourteen days after entry of judgment was untimely under Rule 54(e). Here, it is undisputed that the order denying Morehouse relief was entered on November 4, 2003, and Lawson did not file her fee request until December 2, 2003. Therefore, *Norman* clearly controls on this issue, and we are required to reverse the award of fees to Lawson.

Affirmed in part; reversed in part.

PITTMAN, C.J., and NEAL, J., agree.