James E. MOREHOUSE *v.* Lori Morehouse LAWSON

CA 05-581                                        231 S.W.3d 86

Court of Appeals of Arkansas
Opinion delivered March 8, 2006

*Mary Lile Broadaway*, for appellant.

*Carla Rogers Nadzam*, for appellee.

JOHN B. ROBBINS, Judge. Appellant James E. Morehouse and appellee Lori Morehouse Lawson were married on July 1, 1996, and divorced on December 20, 1999. On July 2, 1996, Lawson gave birth to a daughter, A.M. A son, C.M., was born to Lawson on September 9, 1998. By agreement of the parties, the divorce decree awarded Lawson custody and set Morehouse's monthly child support at $8333.

On August 31, 2001, Morehouse filed a motion seeking to modify his child-support obligation on the basis that he had suffered a reduction in income resulting in a material change of circumstances. However, that petition was subsequently voluntarily withdrawn by Morehouse and dismissed by the trial court. On July 3, 2002, Morehouse filed a motion to set aside the divorce decree alleging that Lawson fraudulently procured the decree by lying to him about his being the biological father of the children. Notwithstanding the fact that Morehouse is not the biological father, the trial court entered an order refusing to set aside the decree on November 4, 2003. Morehouse appealed from that order, and in *Morehouse v. Lawson*, 90 Ark. App. 379, 206 S.W.3d 295 (2005), we affirmed the trial court's award of child support.

On February 4, 2004, while the first appeal was pending, Morehouse filed a petition to modify the decree, again asserting that there had been a material change in circumstances warranting a reduction in child support. After a hearing, the trial court found that Morehouse's income had decreased since entry of the divorce decree and that Morehouse proved a material change in circumstances. The trial court entered an order on February 11, 2005, which reduced Morehouse's monthly obligation from $8333 to $7607.75. The order also relieved Morehouse of paying additional expenditures incorporated into the decree that included school tuition and reasonable expenses for extracurricular activities.

Morehouse now appeals from the February 11, 2005, order, arguing that the trial court erred in failing to further reduce his child-support obligation. Specifically, he contends that the trial court should have deviated from the child-support chart to correspond with the reasonable needs of the children. Lawson has cross-appealed, arguing that the original award should be reinstated because the modified award is inconsistent with the chart amount. We affirm on direct appeal, and we reverse on cross-appeal.

A party seeking modification of a child-support obligation has the burden of showing a material change of circumstances sufficient to warrant the modification. *Weir v. Phillips*, 75 Ark. App. 298, 55 S.W.3d 804 (2000). A trial court's determination as to whether there are sufficient changed circumstances to warrant a modification in child support is a finding of fact, and this finding will not be reversed unless clearly erroneous. *Ritchey v. Frazier*, 57 Ark. App. 92, 940 S.W.2d 892 (1997). Arkansas Code Annotated section 9-12-312(2) (Repl. 2002) provides:

> In determining a reasonable amount of support, initially or upon review to be paid by the noncustodial parent, the court shall refer to the most recent revision of the family support chart. It shall be a rebuttable presumption for the award of child support that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate, as determined under established criteria set forth in the family support chart, shall the presumption be rebutted.

A trial court may deviate from the chart amount if it exceeds or fails to meet the needs of the children. *Ceola v. Burnham*, 84 Ark. App. 269, 139 S.W.3d 150 (2003). As a rule, when the amount of child support is at issue, the appellate court will not reverse the trial court absent an abuse of discretion. *Delacey v. Delacey*, 85 Ark. App. 419, 155 S.W.3d 701 (2004).

Brent Stidman, a certified public accountant, testified for Morehouse. Stidman conducted an analysis of Morehouse's income from 1998 through the date of the hearing, and testified that Morehouse's income had decreased. Upon analyzing the tax returns, Stidman determined that Morehouse's net income in 1998

was $540,217, as compared to $491,187 in 2003. Stidman further testified that Morehouse's stock portfolio had significantly decreased since the divorce.

Dr. Ralph Scott, an economist, was employed by Morehouse to perform an analysis on the cost of raising children in Arkansas. In conducting his analysis, Dr. Scott utilized a consumer expenditure survey published by the United States Department of Labor. According to Dr. Scott, the cost of raising A.M. and C.M. from 2004 until the time that A.M. reaches majority will range between $18,000 and $22,000 per year.

Morehouse testified on his own behalf, and stated that he has been employed since the time of divorce as a management consultant for A.T. Kearney & Company. However, he indicated that his annual income has been decreasing and that his assets have been reduced from $5 million to about $700,000. Morehouse is paying mortgages on his various properties, including property in Maui, and indicated that his debt is extensive. Morehouse characterized his financial situation as "dire" and maintained that he cannot continue to provide for the children as set forth in the divorce decree.

Lawson testified that she is not presently working and that her husband earns about $30,000 per year. She stated that she stays at home with the children and is a full-time mother. Lawson stated that she continues to need support to raise her children, and maintained that the support payments were being used for that purpose.

In calculating Morehouse's modified support obligation, the trial court noted that the parties' original agreement incorporated into the divorce decree provided monthly support of $8333, and the agreement stated, "said amount is a downward deviation from the Family Support Chart in the amount of $4534 [annually] in consideration of the other expenses being paid by the husband for the benefit of the children." The trial court relied on the figures provided by Stidman, and determined that Morehouse's decrease in annual net income as reflected by the 1998 and 2003 tax returns was $49,030. The trial court further reduced Morehouse's income by his increase in non-cash benefits received in 2003 as compared to 1998, which was $10,811, on the basis that these amounts were included on Morehouse's tax returns but did not constitute disposable income. Finally, the trial court reduced Morehouse's income by the $3237 he was paying for medical insurance for the

children. The aggregate of these figures amounted to a $63,078 reduction in income for child-support purposes.

Section III(b) of Supreme Court Administrative Order number 10 provides that when the payor's income exceeds that shown on the chart, he shall pay child support in the amount of twenty-one percent of his income where there are two dependents. Accordingly, the trial court found that Morehouse's annual child-support obligation should be reduced by twenty-one percent of $63,078, which equals $13,246. Because the trial court relieved Morehouse of his obligations for other expenses contemplated by the original agreement of the parties, which totaled $4543 annually, the trial court offset this figure against $13,246 to arrive at $8703. Dividing $8703 by twelve, the trial court reduced Morehouse's monthly obligation by $725.25, which resulted in monthly support of $7607.75.

Morehouse argues on appeal that the trial court erred in failing to set his child support in accordance with the needs of the children. Section I of Administrative Order number 10, titled "Deviation considerations," provides in pertinent part:

> a. *Relevant factors.* Relevant factors to be considered by the court in determining appropriate amounts of child support shall include:
>
> 1. Food
>
> 2. Shelter and utilities;
>
> 3. Clothing;
>
> 4. Medical expenses;
>
> 5. Educational expenses;
>
> 6. Dental expenses;
>
> 7. Child care (includes nursery, baby sitting, daycare or other expenses for supervision of children necessary for the custodial parent to work);
>
> 8. Accustomed standard of living;

9. Recreation;

10. Insurance;

11. Transportation expenses; and

12. Other income or assets available to support the child from whatever source.

Morehouse submits that, based on the foregoing factors and the needs of the children, he rebutted the child-support-chart presumption. He notes that he has been ordered to pay $91,293 in annual child support despite testimony by Dr. Scott that the annual cost of raising the children will only be somewhere between $18,000 to $22,000. Morehouse further directs us to Lawson's affidavit of financial means, wherein she estimates the children's monthly expenses at about $3500. He cites us to various cases from other jurisdictions where deviation from a mechanical formula was deemed proper for high-income payors on the basis that such amount exceeded the children's needs and would have resulted in an economic windfall or amount to a distribution of the obligor parent's estate. Under the circumstances of this case, Morehouse contends that the trial court abused its discretion in failing to deviate from the chart to correspond with the children's needs.

We hold that the trial court committed no abuse of discretion in finding that Morehouse failed to rebut the presumption that the chart amount was proper. While Morehouse suggests that the issue before us has not been addressed in Arkansas, this is incorrect. *See Ceola v. Burnham, supra* (chart amount upheld where appellant's monthly net income was $17,659.65); *Williams v. Williams*, 82 Ark. App. 294, 108 S.W.3d 629 (2003) (chart amount upheld where appellant's monthly net income was $64,875). The above cases demonstrate that under the proper circumstances the chart should apply to high-income payors.

In the case at bar, there was evidence that Morehouse lived extravagantly and had sufficient assets to buy a $70,000 ring for his fiancee and donate $4000 per month to charity. While Lawson's affidavit of financial means estimated the children's monthly expenses at only about $3500, this did not include common family expenses such as the mortgage payment and utilities, from which the children benefit. Moreover, there was no

evidence that the children's needs were any less in 2003 than at the time of the divorce. Because the only material change in circumstances pertained to Morehouse's decrease in income, the trial court modified child support on that basis and refused to further decrease the support on a basis that could have been, but was not, raised prior to entry of the divorce decree. The trial court did not err in so doing.

On cross-appeal, Lawson argues that the trial court erred in reducing the monthly child support because the amount awarded is inconsistent with the support chart, and the trial court made no written findings to justify deviation from the chart. We agree. The trial court's order recites that it is reducing monthly support from $8333 to $7607.75 "in compliance with the Family Support Chart." However, the $7607.75 awarded is not in compliance with the chart when considering Morehouse's net income as determined by the trial court.[1] While the original agreement by the parties recites that they referenced the support chart in agreeing on $8333, this amount is less than what the chart amount would have dictated when applied to Morehouse's 1998 net income of $540,217, taking into account the $4534 annual reduction for other expenses. In actuality, monthly payments of $8333 would correspond to an annual salary of $476,171. The trial court found that Morehouse sustained an annual loss of income of $63,078, which still leaves his annual income ($477,139) slightly above that which would correspond to a monthly payment of $8333 when multiplied by a factor of .21 and divided by twelve. In this case the trial court deviated downward from the family support chart, which is permissible only if the trial court makes express written findings or specific findings on the record that application of the support chart is unjust or inappropriate. *See Woodson v. Johnson*, 63 Ark. App. 192, 975 S.W.2d 880 (1998). Because the trial court misapplied the support chart and failed to make specific findings supporting a deviation, we reverse and remand for further action consistent with this opinion.

Affirmed on appeal; reversed and remanded on cross-appeal.

PITTMAN, C.J., and BAKER, J., agree.

---

[1] We note that neither party has challenged the trial court's calculation of Mr. Morehouse's net income.