Lori (Morehouse) LAWSON  *v.*  James E. MOREHOUSE

CA 06-1386                                    265 S.W.3d 768

Court of Appeals of Arkansas
Opinion delivered October 24, 2007

*Carol Rogers Nadzam*, for appellant.

*Mary Lile Broadaway* and *Angela B. Gray*, for appellee.

JOHN B. ROBBINS, Judge. This is the third appeal in this child-support dispute between appellant Lori (Morehouse) Lawson and appellee James E. Morehouse. In *Morehouse v. Lawson*, 90 Ark. App. 379, 206 S.W.3d 295 (2005)(*Morehouse I*), we rejected Morehouse's argument that the parties' December 20, 1999, divorce decree should be set aside, thus affirming the monthly child support award of $8333.00 for the two children as set out in the decree. On February 4, 2004, while the appeal in *Morehouse I* was pending, Morehouse filed a petition to modify the decree, asserting that there had been a material change in circumstances warranting a reduction in child support. After a hearing, the trial court found that Morehouse's income had decreased since entry of the divorce decree and that there had been a material change in circumstances, and decreased his monthly child support obligation to $7607.75. Morehouse appealed from that decision arguing that the trial court erred in failing to further reduce the child support, and Lawson cross-appealed arguing that the reduction in child support was erroneous because the award was inconsistent with the support chart and there were no findings to justify deviation from the chart.

In *Morehouse v. Lawson*, 94 Ark. App. 374, 231 S.W.3d 86 (2006)(*Morehouse II*), we affirmed on direct appeal but reversed and remanded on Lawson's cross-appeal because the trial court misapplied the support chart and failed to make specific findings supporting a deviation. Upon remand, the trial court concluded that it is unjust and inappropriate to require Morehouse to pay twenty-one percent of his net monthly income as child support in accordance with the support chart. Relying on the insurance provided to the children by Morehouse and the actual needs of the children, the trial court deviated from the chart amount ($8350.00) and reduced the child support to $6237.32 per month. Lawson now brings this third appeal, arguing that the trial court's decision to modify the original child-support award of $8333.00 was an abuse of discretion, violated the law-of-the case doctrine, and was precluded by *res judicata*. We affirm the trial court's decision to deviate downward from the support chart, but modify the monthly award from $6237.32 to $7607.75.

At the hearing on Morehouse's petition to reduce child support, Morehouse introduced evidence that his net income had been reduced from $540,217.00 to $477,139.00. Also at that hearing, Lawson testified that she has remarried; that she is a homemaker and her husband earns $30,000.00 per year; that she has $280,000.00 on deposit in banks and savings institutions; that she has saved about $70,000.00 for the benefit of the children; and that she had owned a $200,000.00 home free of debt but sold that house and purchased another for $387,000.00, incurring a mortgage of $187,000.00.

On appeal from the most recent order by the trial court, Lawson initially argues that the trial court abused its discretion in reducing the child support and in deviating from the support chart. We disagree. A party seeking modification of a child-support obligation has the burden of showing a material change in circumstances. *Morehouse II, supra.* In this case, Morehouse's decrease in income demonstrated a material change in circumstances, and the trial court's deviation from the support chart was properly based on the deviation considerations set out in Administrative Order No. 10, section V, which provides in pertinent part:

a. *Relevant factors.* Relevant factors to be considered by the court in determining appropriate amounts of child support shall include:

1. Food;

2. Shelter and utilities;

3. Clothing;

4. Medical expenses;

5. Educational expenses;

6. Dental expenses;

7. Child care (includes nursery, baby sitting, daycare or other expenses for supervision of children necessary for the custodial parent to work);

8. Accustomed standard of living;

9. Recreation;

10. Insurance;

11. Transportation expenses; and

12. Other income or assets available to support the child from whatever source.

b. *Additional factors.* Additional factors may warrant adjustments to the child support obligations and shall include:

1. The procurement and maintenance of life insurance, health insurance, dental insurance for the children's benefit;

2. The provision or payment of necessary medical, dental, optical, psychological or counseling expenses of the children (e.g., orthopedic shoes, glasses, braces, etc.);

3. The creation or maintenance of a trust fund for the children;

4. The provision or payment of special education needs or expenses of the child[.]

In particular, the trial court took into account the fact that Morehouse was providing life, health, and dental insurance for the children, and found that the reasonable financial needs of the children under subsection (a) above were less than that prescribed by the support chart. Moreover, the trial court found that Morehouse is required to support his children, but not Lawson and her husband. Citing *Smith v. Smith*, 341 Ark. 590, 19 S.W.3d 590 (2000), the trial court further stated that child support is not to provide for the accumulation of capital by children, but is to provide for their reasonable needs. Lawson correctly asserts that the trial court also relied on additional factors (3) and (4) as set out in the Administrative Order, and urges that these factors do not weigh in favor of decreasing the support amount given that there was no evidence that Morehouse was paying any medical expenses not covered by insurance, and that expenses for any special needs of the children were paid by Lawson out of the child support. However, we note that under the orders of the trial court Morehouse was responsible for one-half of the medical expenses not covered by insurance, and it appears that the trial court relied on additional factor (4) to increase his calculation regarding the reason-

able needs of the children. On remand the trial court made the requisite specific findings to support a deviation from the chart, and we hold that its decision to deviate was not clearly erroneous.

Nor are we persuaded by Lawson's contention that a modification of the original support amount is barred by *res judicata*. Initially, we note that Lawson failed to raise this argument in the prior appeal to this court. Moreover, it has long been settled that no order for child support is final given that such orders may be modified based on changed circumstances. *See Clifford v. Danner*, 241 Ark. 440, 409 S.W.2d 314 (1966). In the present case, Morehouse established a change of circumstances warranting modification of the original award based on the relevant factors.

However, we agree with Lawson's argument that the trial court's child-support award of $6237.32 runs afoul of the law-of-the-case doctrine, although not to the extent argued by Lawson. The doctrine provides that a decision of an appellate court establishes the law of the case for the trial upon remand and for the appellate court itself upon appellate review. *Clemmons v. Office of Child Support Enforcement*, 345 Ark. 330, 47 S.W.3d 227 (2001). The decision of the first appeal is conclusive of every question of law or fact decided in that appeal. *Id.*

Lawson submits that the trial court was duty bound to apply the support chart on remand based on the statement we made in our opinion addressing the direct appeal in *Morehouse II* that "the trial court committed no abuse of discretion in finding that Morehouse failed to rebut the presumption that the chart amount was proper." *Morehouse II*, 94 Ark. App. at 379, 231 S.W.3d at 89. However, that statement was tailored to Morehouse's argument on direct appeal, which was premised on Morehouse's, as well as the trial court's, mistaken belief that the chart amount had been correctly applied by the trial court to Morehouse's income. In effect, we did not say that the trial court was duty bound to apply the chart on these facts, but only that its failure to deviate downward would not be an abuse of discretion, if that was the trial court's decision. We noted in Lawson's cross-appeal that the trial court did in fact deviate downward from what the support chart prescribed. In addressing Lawson's cross-appeal, we held that the trial court's decision to deviate was not supported with specific written findings as required by law. We remanded the case to the trial court to clarify its decision and either properly apply the chart or give reasons for its deviation. The trial

court chose the latter, which was authorized pursuant to our directions on remand. However, our prior opinion limited the trial court to either increasing the child support to the chart amount or making written findings to justify the $7607.75 it previously awarded. Our directive did not entirely reopen the issue such that the trial court could further deviate from the chart based on the same facts that were previously before the court. Therefore, we modify the monthly child support award to $7607.75 as previously awarded by the trial court, and subsequently justified by its specific findings on remand.

Affirmed as modified.

PITTMAN, C.J., and GLADWIN, J., agree.